915 So.2d 478 (2005)
Charles Ashley McNABB, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CA-01358-COA.
Court of Appeals of Mississippi.
September 6, 2005.
Rehearing Denied November 29, 2005.
*479 David L. Walker, attorney for appellant.
Office of the Attorney General by John R. Henry, attorney for appellant.
Before LEE, P.J., IRVING and CHANDLER, JJ.
CHANDLER, J., for the Court.
¶ 1. Charles Ashley McNabb filed a motion for post-conviction relief, which the DeSoto County Circuit Court denied without conducting an evidentiary hearing. McNabb appeals, raising the following issue:

WHETHER THE CIRCUIT COURT ERRED IN DENYING MCNABB'S PETITION FOR POST-CONVICTION RELIEF WITHOUT CONDUCTING AN EVIDENTIARY HEARING
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. On May 30, 2001, Charles Ashley McNabb entered a guilty plea to an indictment of six counts of burglary and six counts of larceny. The circuit court judge asked a series of questions to insure that the plea was voluntary. The judge also heard from four of the State's witnesses who were victims of McNabb's felonies. McNabb's counsel advised the court that he did not have any witnesses to call in an effort to mitigate McNabb's sentence. The State recommended to the trial court that McNabb be sentenced to serve a total of seventeen years, but the trial court sentenced him to serve twenty-five years on count one of his indictment, to be served concurrently with the eleven other sentences for which he was indicted.
¶ 4. McNabb filed a motion for post-conviction relief on May 13, 2004. He *480 alleged in an affidavit that he had received ineffective assistance of counsel because his attorney failed to present any character or mitigating evidence on his behalf during the plea colloquy or sentencing hearing; that his attorney "was engaged in other activity" on the day of the sentencing hearing; and that his attorney failed to advise him of the risks of an "open plea" of guilty. The circuit court denied McNabb's motion without conducting an evidentiary hearing.

ANALYSIS

WHETHER THE CIRCUIT COURT ERRED IN DENYING MCNABB'S PETITION FOR POST-CONVICTION RELIEF WITHOUT CONDUCTING AN EVIDENTIARY HEARING
¶ 5. A circuit court may dismiss a petition for post-conviction relief without an evidentiary hearing when it plainly appears from the petition, the court's files, and prior proceedings that the petitioner is not entitled to relief. Rogers v. State, 811 So.2d 367, 370(¶ 11) (Miss.Ct.App.2001) (quoting Miss.Code Ann. § 99-39-19 (Rev. 2000)). McNabb claims that an evidentiary hearing was required because his claims for ineffective assistance of counsel were attached in an affidavit.
¶ 6. McNabb claims that his attorney was ineffective for failing to call witnesses or presenting other mitigating evidence. However, McNabb does not suggest that mitigating evidence is available. He does not identify a potential witness or identify a situation that may have helped convince the judge to impose a lighter sentence. There is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance, and the burden of proof is on the defendant to show that his counsel was ineffective. Denton v. State, 762 So.2d 814, 818(¶ 9) (Miss.Ct. App.2000).
¶ 7. The transcript from the plea sentencing hearing shows that McNabb's attorney did attempt to persuade the judge to impose a lighter sentence. He pointed out that McNabb's criminal acts were a consequence of his addiction to narcotics, that McNabb helped the police in apprehending the co-defendants, and that McNabb was remorseful for having committed his crimes. The attorney also cross-examined one of the State's witnesses and urged the circuit court judge to impose a lenient sentence on McNabb because of McNabb's youth.
¶ 8. McNabb also claims that his attorney was "engaged in other activity on the day [he] was scheduled to appear in the Circuit Court of DeSoto County." He does not explain what is meant by this statement, which is unsupported by the evidence in the record. The record from the plea sentencing hearing shows that McNabb's attorney was present throughout the entire proceedings, attempted to persuade the court to impose a light sentence, and cross-examined one of the State's witnesses. This claim of ineffective assistance of counsel is without merit.
¶ 9. McNabb further claims that his counsel was ineffective because his counsel did not explain to him the risks of making an "open" guilty plea. This Court finds this assignment of error to be without merit because McNabb did not enter an "open plea" of guilty. An "open plea" of guilty is a plea that is entered without any recommendation of a sentence from the prosecutor. See, e.g., Swindle v. State, 881 So.2d 174, 175(¶ 4) (Miss.2004). In the present case, the State recommended that McNabb serve a sentence of seventeen years, but the court decided to impose a harsher sentence. Since the State made a *481 sentencing recommendation, there was no "open plea" of guilty.
¶ 10. The circuit court judge clearly explained that he was not bound by the plea agreement made between the State and McNabb and that he did not have to follow the State's recommendations. At the plea hearing, McNabb said he understood that he could receive a harsher sentence. A defendant is not entitled to an evidentiary hearing if the record of the plea hearing reflects that the defendant was advised of the rights of which he now claims he was unaware. Roland v. State, 666 So.2d 747, 751 (Miss.1995). The record clearly shows that McNabb's guilty plea was voluntary. The circuit court was correct in denying McNabb's post-conviction relief petition without conducting an evidentiary hearing.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.