922 So.2d 847 (2006)
Alan ROSS, Appellant
v.
Christopher EPPS, Appellee.
No. 2005-CP-00430-COA.
Court of Appeals of Mississippi.
February 28, 2006.
*848 Alan Ross, Appellant, pro se.
Office of the Attorney General by Jane L. Mapp, attorney for appellee.
Before MYERS, P.J., CHANDLER and GRIFFIS, JJ.
CHANDLER, J., for the Court.

FACTS
¶ 1. Alan Ross was convicted of the sale of cocaine in 1998 and was sentenced to twenty years in the custody of the Mississippi Department of Corrections (MDOC) with twelve years to serve and eight years suspended. On May 13, 2002, Ross entered trusty status under Mississippi Code Annotated section 47-5-138.1 which stated that an offender awarded trusty time would be allowed ten days' reduction of sentence for each thirty days of participation. Additionally, the statute stated that offenders who were not eligible for earned time pursuant to Mississippi Code Annotated section 47-5-139 were not eligible for trusty status. The trusty time exclusions in Mississippi Code Annotated section 47-5-139 did not include offenders convicted of trafficking in controlled substances.
¶ 2. Effective April 28, 2004, Mississippi Code Annotated section 47-5-138.1 was amended. The 2004 amendment allowed a trusty time allowance of thirty days' reduction of sentence for thirty days of participation. However, under the amendment, an offender is not eligible for trusty status if the offender was convicted of trafficking in controlled substances. Miss.Code Ann. § 47-5-138.1(f) (Rev.2004).
¶ 3. In 2004, Ross filed a petition with the MDOC Administrative Remedy Program arguing that Mississippi Code Annotated section 47-5-138.1, as amended, was an unconstitutional ex post facto law as applied to offenders who committed the crime of sale or manufacture of a controlled substance prior to the effective date of the amendment. The MDOC Administrative Remedy Program responded that the amendment to Mississippi Code Annotated section 47-5-138.1 specifically excluded offenders convicted of the sale or transfer of a controlled substance from being eligible for the increased time allowance. Therefore, Ross would not be eligible for the thirty days' reduction for thirty days' participation. However, he would maintain the previous trusty time status of *849 ten days for thirty days. On December 3, 2004, Ross filed a petition in the Circuit Court of Greene County seeking judicial review of the adverse decision rendered by the agency. The circuit court affirmed the decision of the MDOC and Ross now appeals.

STANDARD OF REVIEW
¶ 4. "The decision of an administrative agency shall not be disturbed unless unsupported by substantial evidence; arbitrary or capricious; beyond the agency's scope or powers; or violative of the constitutional or statutory rights of the aggrieved party." State Bd. of Pub. Accountancy v. Gray, 674 So.2d 1251, 1253 (Miss.1996) (citing Sprouse v. Miss. Employment Sec. Comm'n, 639 So.2d 901, 902 (Miss.1994)). There is a rebuttable presumption which favors the agency's decision and the challenging party has the burden of proving the contrary. Id.

LAW AND ANALYSIS

I. WHETHER THE AMENDED MISSISSIPPI CODE ANNOTATED SECTION 47-5-138.1, WHICH EXCLUDES CERTAIN OFFENDERS FROM RECEIVING TRUSTY TIME STATUS, VIOLATES THE EX POST FACTO CLAUSE BECAUSE SOME OF THE EXCLUDED OFFENDERS WOULD HAVE BEEN ELIGIBLE FOR TRUSTY TIME STATUS UNDER THE PREVIOUS STATUTE.
¶ 5. Ross argues that the amended statute is an unconstitutional ex post facto law as applied to him. "An ex post facto law is one which creates a new offense or changes the punishment, to the detriment of the accused, after the commission of the crime." Knowles v. State, 708 So.2d 549, 553 (¶ 6) (Miss.1998) (citing Collins v. Youngblood, 497 U.S. 37, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990)). In Collins, the United States Supreme Court held, "[l]egislatures may not retroactively alter the definition of crimes or increase the punishment for criminal acts." Collins, 497 U.S. at 43, 110 S.Ct. 2715. The constitutional prohibition on ex post facto laws applies only to penal statutes. Collins, 497 U.S. at 41, 110 S.Ct. 2715. Consequently, the State "is without power to enforce against any person an ex post facto law." Tiller v. State, 440 So.2d 1001, 1004 (Miss.1983). The supreme court has stated that the purpose of the ex post facto clause is to assure that legislative acts "give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed" and to restrict "governmental power by restraining arbitrary and potentially vindictive legislation." Weaver v. Graham, 450 U.S. 24, 28-29, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981) (footnote and citations omitted).
¶ 6. Ross claims that the statute was applied retroactively and has the effect of increasing the punishment beyond what was prescribed when the crimes where committed. Puckett v. Abels, 684 So.2d 671, 678 (Miss.1996). Although Ross correctly states the ex post facto standard, the MDOC correctly found that the statute does not violate the ex post facto clause as applicable to him. Ross claims that he was disadvantaged by the new restrictions in the trusty time statute. However, the amendment to the statute does not, in any way, disadvantage Ross. The ex post facto clause is designed to prevent the legislature from increasing punishment beyond what was prescribed when the crime was committed. Ross remains in the same position regardless of the amendment to the statute. Since Ross entered trusty status in 2002, he continues to receive the ten days for thirty days trusty time benefit under the prior statute. Ross's trusty time benefits have not been taken away or *850 reduced. Therefore, the statute does not violate the ex post facto clause. We agree with the circuit court's finding that the MDOC's decision was not arbitrary and capricious and, therefore, must be affirmed.
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF GREENE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO GREENE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, JJ., CONCUR.