CARLTON, J.,
 

 for the Court.
 

 ¶ 1. Louis J. Clay, Jr., appeals the judgment of the Greene County Circuit Court denying his motion to reinstate his complaint against the Mississippi Department of Corrections (MDOC).
 

 FACTS
 

 ¶ 2. Clay alleges that on November 9, 2004, while an inmate at the South Mississippi Correctional Institute (SMCI), he was assaulted by a fellow inmate, John Smith, in the dining hall during lunch.
 
 *745
 
 Clay suffered two wounds to his head, which required stitches. Clay was treated in the infirmary, x-rayed, and given stitches for both wounds; he was kept for three days for observation by the medical staff.
 

 ¶ 3. Clay claims that after being released from the infirmary, he was placed back into the same compound as Smith, and the two were not separated until Clay signed a “red-tag”
 
 [1]
 
 against Smith and requested protective custody. Clay does not claim that he was further assaulted prior to requesting the “red-tag” against Smith.
 

 ¶ 4. Clay filed a complaint with the Mississippi Department of Corrections’ Administrative Remedy Program (ARP) seeking the following relief: transfer to the Central Mississippi Correctional Facility (CMCF), protection from further harm, and $5,000,000 in damages.
 
 [2]
 
 Clay alleged that his assault was the result of SMCI’s staffs failure to protect him and that he did not receive adequate medical care after the assault. Clay claims that because Smith had previously filed a “red-tag” against him, after Clay had assaulted Smith, the two should have been kept separate at all times. The prison superintendent responded to Clay’s complaint by explaining that the prison officials’ investigation showed that Clay had received proper medical treatment after his injury. He further explained that a “red-tag” indicates only that the inmates involved will not be housed in the same building. Clay and Smith were not housed in the same building at any time at SMCI.
 

 ¶ 5. On April 25, 2005, pursuant to Mississippi Code Annotated section 47-5-807 (Rev.2004), Clay sought judicial review of the ARP’s decision denying him relief. On August 11, 2005, the Greene County Circuit Court dismissed Clay’s complaint as untimely filed. Clay appealed the dismissal, and this Court reversed and remanded, finding that his complaint was timely filed.
 
 Clay v. Epps,
 
 953 So.2d 264, 266 (¶¶ 8-9) (Miss.Ct.App.2007).
 

 ¶ 6. On remand, the circuit court affirmed the decision of the ARP. Clay filed a motion to reinstate his complaint, which was denied by the circuit court. Aggrieved, Clay once again appeals, claiming the circuit court erred in affirming the ARP’s decision without an evidentiary hearing and without providing him an opportunity to amend his complaint. We find no error and affirm the circuit court’s judgment.
 

 STANDARD OF REVIEW
 

 ¶ 7. When reviewing a decision by a chancery or circuit court regarding an agency action, in this case the MDOC, this Court applies the same standard of review that the lower courts are bound to follow. We will examine the appeal to determine whether the order of the administrative agency (1) was unsupported by substantial evidence, (2) was arbitrary or capricious, (3) was beyond the power of the administrative agency to make, or (4) violated some statutory or constitutional right of the aggrieved party.
 
 Siggers v. Epps,
 
 962 So.2d 78, 80(¶ 4) (Miss.Ct.App.2007).
 
 See also
 
 URCCC 5.03. These factors are the only grounds for overturning an agency’s action; otherwise, the agency’s determination must remain undisturbed.
 
 Miss. Dep’t of Transp. v. Rutland,
 
 965 So.2d 696, 702(¶ 9) (Miss.Ct.App.2007) (quoting
 
 Miss. Transp. Comm’n v. Anson,
 
 879 So.2d 958,
 
 *746
 
 963(¶ 13) (Miss.2004)). Furthermore, “[t]here is a rebuttable presumption which favors the agency’s decision and the challenging party has the burden of proving the contrary.”
 
 Ross v. Epps,
 
 922 So.2d 847, 849(¶ 4) (Miss.Ct.App.2006).
 

 Whether the circuit court erred by affirming the decision of the ARP without an evidentiary hearing and without giving Clay an opportunity to amend his complaint.
 

 ¶ 8. Clay argues that the circuit court should not have affirmed the ARP’s decision without first holding a hearing or allowing him to amend his complaint. This issue is without merit. Circuit courts may dismiss actions without a hearing when it is clear from the record that the prisoner is not entitled to any relief.
 
 See McNabb v. State,
 
 915 So.2d 478, 480(¶ 5) (Miss.Ct.App.2005) (holding that a circuit court may dismiss a prisoner’s motion for post-conviction relief without an evidentiary hearing when it appears from the record that he is not entitled to relief);
 
 McBride v. Sparkman,
 
 860 So.2d 1237, 1240-41(¶ 10) (Miss.Ct.App.2003) (upholding circuit court’s dismissal of prisoner’s habeas corpus motion without conducting an evidentiary hearing because there was no indication that an evidentiary hearing would have aided the court in resolution of the issues).
 

 ¶ 9. In affirming the ARP’s decision, the circuit court found that the decision reached by the ARP was not arbitrary or capricious, was supported by substantial evidence, was not beyond the powers of the ARP, and was not in violation of Clay’s rights. Likewise, we find no grounds on which to disturb the findings of the ARP.
 

 ¶ 10. Clay claims that the SMCI staff failed to adequately protect him from Smith. It is clear from the record that Clay is not entitled to any relief. The defendants in this case are immune from suit as to state law claims under the Mississippi Tort Claims Act. Mississippi Code Annotated section ll-46-9(i )(m) (Rev. 2002) provides:
 

 (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
 

 [[Image here]]
 

 (m) Of any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution, regardless of whether such claimant is or is not an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution when the claim is filed[.]
 

 The defendants have immunity from any state tort claims. Furthermore, Clay’s allegations do not establish any violations of his constitutional rights.
 

 ¶ 11. The United States Supreme Court held that in order to succeed on an Eighth Amendment claim for failure to protect, a plaintiff must show that the defendant acted with deliberate indifference to the inmate’s health or safety, and mere negligence on the part of the official is insufficient.
 
 Farmer v. Brennan,
 
 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). There is no indication that the MDOC staff acted with reckless disregard or deliberate indifference for Clay’s safety. Clay and Smith were not housed together. Further, it was Smith who had put a “red-tag” on Clay because Clay had previously assaulted Smith.
 

 ¶ 12. Clay offers no proof that the MDOC employees had any actual knowledge of any risk that might be posed to Clay by housing him, not in the same building, but in the same compound as Smith. There is no indication in the record that the guards were deliberately in
 
 *747
 
 different to the risks to Clay’s welfare. Clay’s claim that the MDOC staff failed to protect him does not set forth any facts to indicate his claim could rise to the level of an Eighth Amendment violation.
 

 ¶ 13. Clay further claims that after he was assaulted by Smith, the MDOC staff failed to provide him with adequate medical care. The same “deliberate indifference” standard applies to failure to protect claims and claims of inadequate medical care. “In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.”
 
 Estelle v. Gamble,
 
 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Clay was taken to the infirmary after his assault and received stitches and x-rays; he was kept three days for observation. Clay claims that he continues to suffer from severe headaches, weakness, memory loss, and a host of other ailments, for which he claims he has not received medical treatment. Clay claims that he has received no medical treatment or follow-up care (in the form of MRIs and CAT scans) or medication for his conditions. His complaint, which was filed in the Greene County Circuit Court, requested that he be transferred to CMCF, apparently to have access to follow-up medical treatment. The investigation of Clay’s complaint through the ARP indicated that he
 
 had
 
 received adequate medical care. Furthermore, Clay admitted that he has received medical care since the assault when he complained that he must pay a $6 fee for each visit to the infirmary.
 

 ¶ 14. Again, the circuit court saw no facts in the record to indicate that the ARP’s decision was arbitrary or capricious, unsupported by the evidence in the record, beyond the power of the ARP, or violated Clay’s statutory or constitutional rights. Clay has not stated any facts that show that the MDOC officials acted with “deliberate indifference” to his medical needs.
 
 See Carter v. Miss. Dep’t of Corr.,
 
 860 So.2d 1187, 1195(¶ 25) (Miss.2003) (“plaintiff has the burden of showing that the MDOC acted or failed to act with ‘deliberate indifference’ ”). Furthermore, the defendants have immunity from state law claims under the MTCA. The circuit judge properly affirmed the decision of the ARP. Therefore, Clay’s argument is without merit.
 

 CONCLUSION
 

 ¶ 15. Because there was clearly no merit to any of Clay’s claims, the circuit court properly affirmed the Administrative Remedy Program’s denial of relief.
 

 ¶ 16. THE JUDGMENT OF THE GREENE COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO GREENE COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES ISHEE AND ROBERTS, JJ., CONCUR.
 

 [1]
 

 . A “red tag” is a notice that certain inmates should not be housed in the same building.
 

 [2]
 

 . Clay’s return address on recent documents in the record indicate that he was transferred to CMCF and then to Parchman. He is apparently no longer housed at SMCI.