MAXWELL, J.,
for the Court:
¶ 1. John Peyton Alexander II, a convicted murderer in the custody of the Mississippi Department of Corrections, requested to leave the state penitentiary and have dental work performed by a privately retained dentist. The MDOC denied his request after determining Alexander sought cosmetic treatment and that any medically necessary treatment could be performed by its dentists. We find the MDOC’s decision was supported by substantial evidence, was not arbitrary or capricious, and did not violate Alexander’s statutory or constitutional rights. Thus, we affirm the dismissal of Alexander’s motion to show cause filed against MDOC Commissioner Christopher B. Epps.
Background
¶ 2. Alexander is a long-time inmate of the Mississippi State Penitentiary in Parchman (Parchman).[1] In 2010, he sought permission to leave Parchman to go to a dentist in Greenville, Mississippi, at his family’s expense. Alexander filed an Offender’s Relief Form. In response, the MDOC’s Chief Medical Officer Dr. Gloria Perry wrote Alexander and explained that *843 the requested work was not medically necessary and, if it became medically necessary, would be performed by an MDOC dentist.
¶ 3. Alexander’s request went through the two-step Administrative Remedy Program and was denied in both steps. His administrative remedies exhausted, he filed a Motion to Show Cause in the Sunflower County Circuit Court against Commissioner Epps. The circuit court dismissed the motion without a hearing. The court held that, based on the reasons given in Dr. Perry’s letter, the MDOC’s decision was supported by substantial evidence and not arbitrary or capricious.
¶ 4. Alexander timely appealed.
Discussion
I. Lack of Jurisdiction for Post-Conviction Relief
¶ 5. In his pro se appeal, Alexander appears to collaterally challenge his murder conviction, arguing that because he was improperly convicted by the trial jury, the MDOC has no legal jurisdiction over him. He suggests that based on this perceived defect he retains all rights as a private citizen — including the right to choose his own dentist.
¶ 6. The circuit court lacked the jurisdiction to consider Alexander’s Motion to Show Cause as a motion for post-conviction relief (PCR). So we find any attempt to collaterally attack his murder conviction through the appeal of an administrative decision fails. Alexander previously directly appealed his 1975 murder conviction to the Mississippi Supreme Court, which affirmed his conviction. Alexander v. State, 358 So.2d 379, 387 (Miss.1978). In 2002, this court found Alexander’s application for release filed with the circuit court was effectively a PCR motion. Alexander v. State, 821 So.2d 869, 869 (¶ 1) (Miss.Ct.App.2002). And because Alexander failed to seek leave from the supreme court to file a PCR motion, we found both the circuit court and this court lacked jurisdiction to consider his motion. Id. at 869-70 (¶¶ 4-6).
¶ 7. Similarly, Alexander did not request permission from the supreme court to file a PCR motion before appealing the MDOC’s decision. So the circuit court lacked jurisdiction to consider Alexander’s administrative claim as one for post-conviction relief. See Miss.Code Ann. §§ 99-39-7, 99-39-27 (Supp.2011). The same is true for this court — we have no jurisdiction to consider the validity of Alexander’s murder conviction. But we do note that in Alexander’s direct appeal of his murder conviction the supreme court found “[f]rom the whole record it appears that the case was well and fairly tried and that no prejudicial error warranting reversal was committed.” Alexander, 358 So.2d at 387.
II. Appeal of an Administrative Decision
¶ 8. Viewing Alexander’s motion to show cause only as an appeal from an administrative decision, we find the circuit court properly dismissed the motion.
¶ 9. “Circuit courts may dismiss actions without a hearing when it is clear from the record that the prisoner is not entitled to any relief.” Clay v. Epps, 19 So.3d 743, 746 (¶8) (Miss.Ct.App.2008) (citing McNabb v. State, 915 So.2d 478, 480 (¶ 5) (Miss.Ct.App.2005); McBride v. Sparkman, 860 So.2d 1237, 1240-41 (¶ 10) (Miss.Ct.App.2003)). Alexander had the burden to rebut the presumption that favors the MDOC’s decision to deny his request to visit a “freeworld” dentist. See Ross v. Epps, 922 So.2d 847, 849 (¶4) (Miss.Ct.App.2006). This court applies its deferential standard of review, refusing to reverse the MDOC’s decision unless unsupported by substantial evidence, arbi *844 trary or capricious, beyond its scope or powers, or violative of Alexander’s constitutional or statutory rights. Id.
A.Decision Supported by Substantial Evidence and Not Arbitrary or Capricious
¶ 10. The circuit court found the MDOC’s decision was supported by substantial evidence and not arbitrary or capricious. We agree. Alexander attached as support for his motion letters from Roger Parkes, D.M.D., M.S.D., and George Bendford, D.M.D. We find neither letter was sufficient to overcome the presumption in favor of the MDOC’s decision.
¶ 11. Dr. Parkes is Alexander’s mother’s dentist, not Alexander’s. Based on her dental history and a list she provided of Alexander’s medications, Dr. Parkes recommended Alexander be “watched closely” for certain medical problems. He expressed that Alexander’s family members “feel like this should be handled in a private setting” but did not give his own opinion that treatment by a non-MDOC dentist or doctor was medically necessary. Dr. Bedford is a staff dentist with the MDOC. He requested Alexander be released for a private dental appointment because: (1) Alexander “has made the most of his treatment opportunities in the MDOC,” despite how onerous it is to go to the MDOC’s dental facility; (2) Alexander has a comprehensive medical file; and (3) Dr. Bedford personally believed that the taxpayers had spent enough on Alexander’s medical and dental care. But Dr. Bedford did not affirmatively state the private treatment Alexander requested was medically necessary and could not be performed by the MDOC.
¶ 12. Alexander also attached the letter he received from Dr. Perry explaining that Parchman’s dentist had reported to her he could perform all necessary dental work and that off-site dental work was not medically necessary at that time. However, Dr. Perry assured Alexander, should it become necessary, the MDOC would make dental arrangements because Alexander’s mother “is not required nor allowed” to pay for his healthcare while he is in MDOC’s custody. We find Dr. Perry’s letter to be substantial evidence supporting the. MDOC’s decision, demonstrating the decision was not arbitrary or capricious.
B.No Violation of a Statutory Right
¶ 13. We also find MDOC’s denial of Alexander’s request does not violate his statutory rights. Alexander argues he has a statutory right to leave Parchman under Mississippi Code Annotated section 47-5-173 (Rev.2011). This section gives Commissioner Epps the discretionary authority to grant leave to MDOC inmates. But it obviously does not give prisoners the statutory right to leave the penitentiary. Further, in exercising this discretionary authority, Epps and his deputies “may take into consideration sickness or death in the offender’s family.” Miss.Code Ann. § 47-5-173 (emphasis added). Section 47-5-173 does not concern requests for leave based on an inmate’s own health concerns.
C.No Violation of a Constitutional Right
¶ 14. Alexander also failed to present a claim that the MDOC violated his constitutional rights. To present a cognizable constitutional claim based on lack of adequate medical care, Alexander had to “allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.” Clay, 19 So.3d at 747 (¶ 13) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). Dr. Perry’s letter to Alexander shows the MDOC was not indifferent to Alexander’s medical needs. Rather, the *845 MDOC assured him that, when and if a procedure becomes medically necessary, it will arrange for treatment. And while Dr. Bedford expressed his wish that Alexander be treated by private doctors, he made no allegation that the MDOC’s actions had been harmful to Alexander — let alone so harmful as to show a deliberate indifference to his medical needs.
¶ 15. Because Alexander failed to show he was entitled to any relief, we affirm the circuit court’s dismissal of Alexander’s motion.
¶ 16. THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, RUSSELL AND FAIR, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.

. More details of Alexander's murder conviction, transfer to Parchman, parole, and later revocation of parole can be found in Alexander v. State, 358 So.2d 379 (Miss.1978) and Alexander v. State, 667 So.2d 1 (Miss.1995).