# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-00529-COA

JAMES WELCH A/K/A JAMES H. WELCH  A/K/A JAMES HENRY WELCH                                           APPELLANT

v.

CHRISTOPHER EPPS, MICHELLE TAYLOR                           APPELLEES
AND MISSISSIPPI DEPARTMENT OF
CORRECTIONS

| | |
|---|---|
| DATE OF JUDGMENT: | 03/12/2014 |
| TRIAL JUDGE: | HON. JOHN HUEY EMFINGER |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JAMES WELCH (PRO SE) |
| ATTORNEYS FOR APPELLEES: | OFFICE OF THE ATTORNEY GENERAL BY: ANTHONY LOUIS SCHMIDT JR. JAMES M. NORRIS |
| NATURE OF THE CASE: | CIVIL - OTHER |
| TRIAL COURT DISPOSITION: | AFFIRMED THE MISSISSIPPI DEPARTMENT OF CORRECTIONS' DECISION THAT WELCH IS NOT ENTITLED TO CREDIT FOR PRETRIAL DETENTION |
| DISPOSITION: | AFFIRMED: 02/03/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE LEE, C.J., ISHEE AND FAIR, JJ.

### FAIR, J., FOR THE COURT:

¶1.     James Welch, while out on parole, was arrested for three counts of grand larceny. He was held in a local jail for eight months before pleading guilty to the new charges. Welch's parole was revoked following his guilty plea, leaving him with two sets of sentences to be

served concurrently.[1] Welch contends that he is entitled to credit toward his second, longer sentences for the time he spent in jail before pleading guilty. The Mississippi Department of Corrections does not dispute this, exactly, but it argues that based on the way it calculates his time to be served, Welch is getting the benefit of the pretrial detention (and then some), even if it is not labeled pretrial detention.

¶2.     We conclude that Welch has not shown that he has been harmed by the way the MDOC has calculated his term of incarceration, and so we affirm the judgment of the lower court denying relief.

## STANDARD OF REVIEW

¶3.     "The decision of an administrative agency shall not be disturbed unless unsupported by substantial evidence; arbitrary or capricious; beyond the agency's scope or powers; or violative of the constitutional or statutory rights of the aggrieved party." *Edwards v. Booker*, 796 So. 2d 991, 994 (¶10) (Miss. 2001) (citation omitted). "There is a rebuttable presumption which favors the agency's decision and the challenging party has the burden of proving the contrary." *Ross v. Epps*, 922 So. 2d 847, 849 (¶4) (Miss. Ct. App. 2006).

¶4.     "Circuit courts may dismiss actions without a hearing when it is clear from the record that the prisoner is not entitled to any relief." *Alexander v. Epps*, 106 So. 3d 841, 843 (¶9)

---

[1] According to Mississippi Code Annotated section 99-19-21(2) (Rev. 2007), Welch's second sentences should have been ordered to be served consecutively to his first ones, but the second sentencing order was silent on this point; and so the sentences have been taken to be concurrent to each other.

(Miss. Ct. App. 2012) (citation omitted).

## DISCUSSION

¶5.     Welch sought pretrial credit for the time he spent incarcerated in the county jail through the MDOC's administrative remedy program. The MDOC refused through all the steps of its program. He appealed that decision to the Rankin County Circuit Court, which affirmed the refusal. Welch then appealed to the Mississippi Supreme Court, which assigned the case to this Court.

¶6.     Welch has two sets of convictions – the first, from Hinds County in 2011, is for four terms of five years to be served concurrently to each other. Welch was paroled in July 2011, but he was arrested in Rankin County the following year. He was held in the Rankin County Jail until he pled guilty in early 2013. For the new offenses, he received three ten-year sentences, to be served consecutively to each other. The Rankin County sentencing order was silent on how the new sentences would be served in relation to the Hinds County sentences, so they were interpreted to be served concurrently. About two months after Welch pled guilty, the parole board entered an order revoking his parole.

¶7.     The record before us is scanty on the details of Welch's pretrial incarceration. Welch himself makes various narrative claims that are largely undisputed – the date he was jailed, the date he pled guilty, the date he was sent back to prison. We agree that Welch would be entitled to credit for the time he spent in the Rankin County Jail if he were being held there on the Rankin County charges. Mississippi Code Annotated section 99-19-23 (Rev. 2007)

3

provides:

> The number of days spent by a prisoner in incarceration in any municipal or county jail while awaiting trial on a criminal charge, or awaiting an appeal to a higher court upon conviction, shall be applied on any sentence rendered by a court of law or on any sentence finally set after all avenues of appeal are exhausted.

Welch's sentencing order likewise provided that he be given credit for any pretrial detention. Why Welch was held, however, is not so clear – the question of whether it was for the new charges, a violation of his parole, or both, is not definitely answered in the record.

¶8. What is clear, however, is that the MDOC has given Welch the benefit of all the time he spent in the county jail, and then some. His "Inmate Time Sheet" shows Welch's total term to serve as thirty years, which began running on *August 1, 2009*, almost three and one-half years before the Rankin County judgment. The MDOC reaches this by holding that Welch began serving his 2013 Rankin County sentences when he began serving his prior Hinds County sentences years before, and then the MDOC adjusts the start date backward almost 600 days for time Welch spent in jail before the Hinds County convictions. Curiously, the MDOC's computation has Welch beginning to serve his sentences before he committed any of the offenses – even the ones in Hinds County, the first of which is said to have been committed in October 2009.[2]

¶9. Not only is Welch credited with beginning to serve his thirty-year sentence well before

---

[2] This is because Welch was somehow credited with serving 126 days of pretrial detention in 2007.

he actually committed the crimes, but the time sheet reflects that Welch was given credit for the time he spent on parole – including the time he was incarcerated pending the Rankin County convictions – as if he had been in prison the entire time.[3] Thus the time Welch spent in jail it is not categorized as pretrial detention as Welch contends it should be, but it is credited to his Rankin County convictions nonetheless.

¶10.    In conclusion, Welch has not shown that he was held in the Rankin County Jail on the Rankin County charges and not on a parole violation. Welch could not receive credit for pretrial detention if he was already in custody for another offense. *See Stanley v. State*, 850 So. 2d 154, 156-57 (¶¶10-12) (Miss. Ct. App. 2003). Moreover, Welch was actually given credit toward his Rankin County sentences for the time he spent in jail in 2012-2013, and he cannot claim to have been injured by the way the MDOC has calculated his sentence. We affirm the circuit court's denial of relief.

¶11.    **THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.**

---

[3] The MDOC was not required to do this. *See Segarra v. State*, 430 So. 2d 408, 412-13 (Miss. 1983).