# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-01754-COA

STATE OF MISSISSIPPI AND DELORIS ROY          APPELLANTS

v.

BRIAN RUNNELS          APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 09/21/2016 |
| TRIAL JUDGE: | HON. CAROL L. WHITE-RICHARD |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | ANTHONY LOUIS SCHMIDT JR. |
| ATTORNEY FOR APPELLEE: | BRIAN RUNNELS (PRO SE) |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | APPEAL DISMISSED - 02/26/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**BARNES, C.J., FOR THE COURT:**

¶1. Brian Runnels was housed in the Mississippi State Penitentiary serving a sixteen-year sentence for armed robbery, a twenty-year sentence for manslaughter, and a one-year sentence for possession of contraband in prison.[1] On September 8, 2015, Runnels filed a grievance through the Mississippi Department of Corrections' (MDOC) Administrative Remedy Program (ARP). The basis for his grievance was the issuance of two Rule Violation Reports (RVRs), for which he was found guilty by the MDOC hearing officer. RVR No. 01615668 alleged Runnels blocked the cell door of a prisoner who was being assaulted by

---

[1] Runnels was convicted for armed robbery and manslaughter in April 1995. He was subsequently convicted of possession of contraband by the Sunflower County Circuit Court.

other prisoners, and RVR No. 01615822 claimed Runnels went into an unauthorized area of the prison. His punishment was a re-classification and loss of privileges. The MDOC denied his request to have the RVRs expunged.

¶2. Under Mississippi Code Annotated section 45-5-807 (Rev. 2015), Runnels filed a complaint with the Sunflower County Circuit Court on December 9, 2015, seeking judicial review. He asserted that the MDOC failed to conduct any investigation or record the hearing, and he requested that the court expunge his RVRs from the files. The circuit court affirmed the MDOC's decision.

¶3. Runnels filed a motion to vacate the judgment under Mississippi Rule of Civil Procedure 60(b), arguing no evidence had been presented to support the RVRs' findings. A hearing was held on August 17, 2016, wherein the State argued that Runnels was "trying to relitigate th[e] matter" and had not "presented any new evidence or anything that would fall for grounds for relief under Rule 60[.]" On September 21, 2016, the circuit court ordered the two RVRs (01615668 and 01615822) be expunged from Runnels's prison record because the MDOC had failed to show "where any officer identified Runnels as a perpetrator of the acts alleged in the RVRs."[2] The court determined:

> In light of the factors to be considered under M.R.C.P. 60(b)(6), this [c]ourt finds that Petitioner Runnels is not attempting to use this motion as a substitute appeal and that he timely filed said motion (approximately a month after entry of judgment). This [c]ourt previously concluded that MDOC's decision finding Petitioner guilty of both RVRs was based on substantial evidence and was not arbitrary and capricious. After conducting a hearing into this matter, this [c]ourt has concluded that its previous ruling was wrong. Respondent

---

[2] The circuit court denied Runnels's motion in part with respect to his requests to be awarded attorney's fees and to demote Deloris Roy from her current position.

2

failed to present anything during the hearing held by this [c]ourt to demonstrate that *any* evidence was actually presented during Petitioner's disciplinary hearings upon which the hearing officer's decision could be based. This [c]ourt finds that in order to fully achieve justice, its order entered on March 21, 2016 should be vacated pursuant to Rule 60(b)(6) of M.R.C.P.

The State appeals, claiming that the MDOC's decision was supported by substantial evidence and that the circuit court abused its discretion in granting Runnels relief under Rule 60(b).[3] The State alternatively argues Runnels's due-process rights were not violated because the punishment was merely re-classification and loss of privileges.

¶4. Because Runnels has been released on parole since the filing of this appeal, we find that these issues are moot and dismiss the appeal.

**STANDARD OF REVIEW**

¶5. In reviewing a circuit court's decision regarding an agency's action, we apply the same standard of review as the circuit court, which is to determine "whether the administrative agency's order '(1) was unsupported by substantial evidence, (2) was arbitrary or capricious, (3) was beyond the power of the administrative agency to make, or (4) violated some statutory or constitutional right of the aggrieved party.'" *Clincy v. Atwood*, 65 So. 3d 327, 331 (¶8) (Miss. Ct. App. 2011) (quoting *Clay v. Epps*, 19 So. 3d 743, 745 (¶7) (Miss. Ct. App. 2008)). "A rebuttable presumption exists that favors the decision of the agency, and the challenging party bears the burden of proving the contrary." *Id*. (citing *Clay*, 19 So. 3d at 746 (¶7)). Our review of a circuit court's grant of a Rule 60(b) motion is limited to whether the court's decision is an abuse of discretion. *Dean v. Slade*, 164 So. 3d 468, 470

---

[3] Deloris Roy, one of the appellants, is a correctional officer employed by the MDOC. The appellants will collectively be referred to as the "State."

(¶5) (Miss. Ct. App. 2014).

## DISCUSSION

¶6.     Because Runnels asserted in his appellee's brief that he is a "free man," indicating to the Court that he is no longer in MDOC's custody, we requested supplemental briefing from the State on whether the issues raised on appeal are moot. In response, the State acknowledges that Runnels was paroled on June 9, 2017, but argues that Runnels's release should not be considered by this Court because this information is not in the record. We reject the State's argument, particularly considering that the State has recently argued in favor of finding that a petitioner's appeal of an MDOC's ARP decision was rendered moot due the petitioner's release from custody, even though there was no evidence in the record of said release. *See, e.g.*, *Brief of Appellees at 21-22*, *Turner v. Hall*, 2017-CP-00800-COA, 2017 WL 9287279 (Miss. Ct. App. Dec. 1, 2017);[4] *Williams v. State*, 228 So. 3d 381, 382 (¶4) (Miss. Ct. App. 2017); and *Hunt v. Miss. Dep't. of Corrections*, 217 So. 3d 789, 791 (¶6) (Miss. Ct. App. 2017).

¶7.     The Mississippi Supreme Court has held:

> A case is moot so long as a judgment on the merits, if rendered, would be of no practical benefit to the plaintiff or detriment to the defendant. This Court has no authority to entertain an appeal where there is no actual controversy. Cases in which an actual controversy existed at trial but the controversy has expired at the time of review, become moot. . . . [T]he review procedure should not be allowed for the purpose of settling abstract or academic questions, and that we have no power to issue advisory opinions.

---

[4] In *Turner*, this Court entered an order, requesting that the Appellees supplement the record with "documentation to support their assertion that Turner's appeal has become moot." In this instance, since neither party disputes that Runnels has been released, we find such supplementation to the record unnecessary.

*Fails v. Jefferson Davis Cty. Pub. Sch. Bd.*, 95 So. 3d 1223, 1225 (¶10) (Miss. 2012) (internal citations and internal quotation marks omitted). The State admits that "ordinarily, an inmate's appeal of RVRs would be moot if the inmate was released." However, the State contends that "in this situation, MDOC has appealed the expungement of RVRs in which the wrong standard was used[,] which could have a detrimental effect of the discipline process in MDOC's prisons." The State further claims that "the presence of RVRs in Runnels's history *could* affect the level of classification in a risk assessment and his current supervision plan while released" and "*if* Runnels is revoked or commits a new crime, the past RVRs *could* impact his classification level which could affect his ability to receive earned time and privileges." (Emphasis added). The State's arguments against mootness require this Court to indulge in speculation of potential future consequences to Runnels; therefore, we find any findings on the merits of the appeal would not be of any practical benefit to Runnels or detriment to the State and, instead, would be "for the purpose of settling [an] abstract or academic question."[5]

¶8. Additionally, the State claims that this appeal falls under one or more of the exceptions to the mootness doctrine. A case will not be considered moot if the action "is capable of repetition yet evading review, meaning that '(1) [t]he challenged action was in its

[5] Citing *Wilson v. Terhune*, 319 F.3d 477, 479 (9th Cir. 2003), the State argues that where a party can show "collateral consequences" flowing from the action, the case would not be made moot upon the inmate's release. However, the Ninth Circuit of the United States Court of Appeals declined "to apply the presumption of collateral consequences to prison disciplinary proceedings." *Id*. at 481. *Wilson* also did not concern an inmate's release; the issue was moot because he had completed his punishment, and the appellate court found that the adverse consequences alleged by the petitioner would be "either vague and unsupported or unrelated to the disciplinary conviction." *Wilson*, 319 F.3d at 482.

5

duration too short to be fully litigated prior to its cessation or expiration, and (2) [t]here was a reasonable expectation that the same complaining party would be subject to the same action again.'" *Barrett v. City of Gulfport*, 196 So. 3d 905, 912 (¶22) (Miss. 2016) (quoting *Strong v. Bostick,* 420 So. 2d 1356, 1359 (Miss. 1982)). We find no merit to the State's claim that Runnels's hearings and judicial review were of short duration and not fully litigated. Runnels completed his punishment, and he fully litigated the issuance of the RVRs through the appropriate administrative and judicial review processes. The State cites *Al-Khidhr v. King*, 245 So. 3d 552, 554 (¶¶9-10) (Miss. Ct. App. 2018), a case in which we considered the merits of the petitioner's claim although he had been released, noting "we may address appeals considered moot where the matter is capable of repetition yet evading review." That case, however, involved the calculation of the prisoner's pre-sentence jail time, not a prison disciplinary proceeding as in the present case.[6] Because we find there is no reasonable expectation that Runnels could be subject to the same action (RVR) in the future, we find it does not meet the exception to the mootness doctrine.

¶9.     "In addition, this Court will review an otherwise moot issue 'when the question concerns a matter of such a nature that it would be distinctly detrimental to the public interest that there should be a failure by the dismissal to declare and enforce a rule for future conduct.'" *Barrett*, 196 So. 3d at 912 (¶22) (quoting *Sartin v. Barlow ex rel. Smith,* 196 Miss. 159, 16 So. 2d 372, 376 (Miss. 1944)). The State claims "[t]he issue of properly

_____

[6] The State fails to note that in a second appeal, *Al-Khidhr v. King*, 2018 WL 5262622, 2017-CP-00269-COA at *3 (¶10) (Miss. Ct. App. Oct. 23, 2018), this Court found King's appeal was moot because he had been released from custody less than two months prior to filing the appeal.

disciplining prisoners for criminal actions while in prison is one of profound public interest to ensure justice is done and to protect society," and the case is of "public interest" because it could inundate the courts with "frivolous lawsuits" and put the RVR process in "jeopardy." Prisoners have a statutory right to judicial review of an MDOC decision under section 45-5-807. The evidence needed to support an RVR must be decided on a case-by-case basis. Whether the prisoner's claims are "frivolous" is a matter for the trial court. This Court cannot see how our review of the court's finding on whether substantial evidence existed to support Runnels's two individual RVRs, which the State admits only subjected him to reclassification and loss of privileges, is a matter of "public interest."

¶10. Accordingly, due to Runnels's release from MDOC custody, we dismiss the appeal as moot.

¶11. **APPEAL DISMISSED.**

**CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR. C. WILSON, J., NOT PARTICIPATING.**