# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-01226-COA

**DUDLEY ROSS**                                                                 **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                        **APPELLEE**

DATE OF JUDGMENT:              08/10/2018
TRIAL JUDGE:                   HON. WILLIAM E. CHAPMAN III
COURT FROM WHICH APPEALED:     RANKIN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        DUDLEY ROSS (PRO SE)
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                               BY: DARRELL CLAYTON BAUGHN
NATURE OF THE CASE:            CIVIL - STATE BOARDS AND AGENCIES
DISPOSITION:                   AFFIRMED - 12/10/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE BARNES, C.J., GREENLEE AND LAWRENCE, JJ.**

**BARNES, C.J., FOR THE COURT:**

¶1.     Dudley Ross, appearing pro se, is an inmate in the custody of the Mississippi Department of Corrections (MDOC). He appeals the Rankin County Circuit Court's denial of his petition for an order to show cause relating to an MDOC decision in its Administrative Remedy Program (ARP), which denied Ross's request for a prison transfer due to medical reasons. Finding no error, we affirm.

## STATEMENT OF FACTS

¶2.     Ross is a blind inmate at the Central Mississippi Correctional Facility (CMCF). He was most recently convicted for numerous crimes in Pike County, Mississippi, including possession of cocaine, methamphetamine, and a firearm by a felon. He was sentenced to

serve a total of twelve years. In November 2017, Ross requested a transfer to the East Mississippi Correctional Facility (EMCF), a private prison facility, which was denied. In January 2018, Ross filed a Medical Service Request Form, again requesting a transfer to EMCF in order to see a doctor due to his blindness and "psych issues."[1] He also filed a complaint requesting transfer through MDOC's ARP. MDOC filed First- and Second-Step Response Forms, denying Ross's request for a transfer. The First-Step Response Form stated that "medical" had not approved for him to be housed at EMCF. The Second-Step Response Form stated that the mental health providers at CMCF were treating his diagnosis and that he did not "fit the criteria" to be housed at EMCF.

¶3.     Ross filed his petition for an order to show cause. He complained that he has to walk several hundred yards outside to get his psychiatric medications and meals. Because of his blindness, Ross must be escorted to the dining hall, but when it rains, his escorts refuse to do so and will not bring him a food tray. Further, Ross argued that he qualified for a medical transfer to EMCF because he is on two psychiatric medications. The circuit court ordered MDOC to respond to the petition. MDOC answered and moved to dismiss Ross's petition. The circuit court found MDOC's decision not to transfer Ross was supported by substantial evidence, was not arbitrary or capricious, was within MDOC's scope or power, and did not violate Ross's constitutional rights. Accordingly, the circuit court affirmed MDOC's decision, denied Ross's petition, and dismissed the case.

¶4.     Ross appeals, raising issues of constitutional proportion for the first time on appeal,

---

[1] Ross claims EMCF offers specialized treatment for inmates with mental health disorders.

including that the conditions of his confinement are cruel and unusual punishment violating the Eighth Amendment of the United States Constitution. Specifically, he claims he has been "publicly humiliated" in prison for his blindness; has had inadequate medical treatment; and has had to pay for individuals to guide him instead of CMCF's providing a "helper" or seeing-eye dog. He also mentions prison overcrowding and "being exorted [sic] daily."

## STANDARD OF REVIEW

¶5.    "We will not disturb the decision of an administrative agency, such as the MDOC, unless the decision is 'unsupported by substantial evidence, arbitrary or capricious, beyond the agency's scope or powers, or violative of the constitutional or statutory rights of the aggrieved party.'" *Smith v. Wesley*, 157 So. 3d 860, 861 (¶5) (Miss. Ct. App. 2015) (quoting *Taylor v. Petrie*, 41 So. 3d 724, 727 (¶8) (Miss. Ct. App. 2010)). "In administrative matters, the agency, and not the reviewing court, sits as [the] finder of fact." *Pub. Emps.' Ret. Sys. v. Cobb*, 839 So. 2d 605, 609 (¶12) (Miss. Ct. App. 2003). The reviewing court may not substitute its judgment for that of the administrative agency, or reweigh the evidence. *Pub. Emps.' Ret. Sys. v. Dishmon*, 797 So. 2d 888, 892 (¶12) (Miss. 2001). "Substantial evidence" is defined as "that which provides an adequate basis of fact from which the fact in issue can be reasonably inferred." *Id.* A rebuttable presumption exists that the agency's decision was proper, and the challenging party bears the burden of proving to the contrary. *Ross v. Epps*, 922 So. 2d 847, 849 (¶4) (Miss. Ct. App. 2006). Deference is given "to the fact finding role of the administrative agency and the hearing officer's findings." *Johnson*

3

*v. Miss. Dep't of Corr.*, 682 So. 2d 367, 370 (Miss. 1996).

## DISCUSSION

### I. Eighth Amendment Claims

¶6. On appeal, Ross raises issues regarding cruel and unusual punishment that were not raised below in his motion to transfer prison locations. Additionally, his two-page brief makes no meaningful arguments beyond listing the claims, and he cites no authority in support of those claims. However, "[u]nder the plain-error doctrine, we can recognize obvious error which was not properly raised by the defendant on appeal, and which affects a defendant's 'fundamental, substantive right.'" *Smith v. State*, 986 So. 2d 290, 294 (¶10) (Miss. 2008). For the plain-error doctrine to apply and allow reversal of the trial court, "there must have been an error that resulted in a manifest miscarriage of justice or seriously affected the fairness, integrity[,] or public reputation of judicial proceedings." *Johnson v. State*, 155 So. 3d 733, 738 (¶8) (Miss. 2014). Plain-error review can only be used to correct "obvious instances of injustice or misapplied law." *Smith*, 986 So. 2d at 294 (¶10). Under plain-error analysis, we must first determine "whether the trial court deviated from a known legal rule . . . ." *Starr v. State*, 997 So. 2d 262, 266 (¶11) (Miss. Ct. App. 2008).

¶7. Here, a violation of the Eighth Amendment would affect Ross's fundamental, substantive rights and thus support a plain-error analysis. Ross's complaints relate to failure to protect, inadequate medical care, and prison conditions. "[I]n order to succeed on an Eighth Amendment claim for failure to protect, a plaintiff must show that the [prison official] acted with deliberate indifference to the inmate's health or safety, and mere

4

negligence on the part of the official is insufficient." *Clay v. Epps*, 19 So. 3d 743, 746 (¶11) (Miss. Ct. App. 2008) (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)). The same standard of "deliberate indifference" applies to claims of inadequate medical care and prison conditions. *Id.* at 747 (¶13); *Bilbo v. Thigpen*, 647 So. 2d 678, 685 (Miss. 1994) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Farmer* addressed the showing necessary to prove that a defendant violated the Eighth Amendment in a treatment of an inmate's medical needs. *Farmer*, 511 U.S. at 837. Two requirements must be met: (1) the medical need in question must be objectively "serious"; and (2) the prison official must act with subjective deliberate indifference, meaning they knew of and disregarded "an excessive risk to inmate health or safety . . . ." *Id.* Deliberate indifference is an "extremely high standard." *Young v. McCain*, 760 F. App'x 251, 256 (5th Cir. 2019) (unpublished). Prison officials must have "refused to treat the prisoner, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for [his] serious medical needs." *Id.* (quoting *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001)).

¶8. In *Tuft v. Texas*, 410 F. App'x 770, 772-73 (5th Cir. 2011) (unpublished), a disabled inmate brought a 42 U.S.C. § 1983 and Americans with Disabilities Act (ADA) claim for, among other matters, having to wait in line and walk fifty yards for medication. The United States Court of Appeals for the Fifth Circuit, however, held that these allegations, if proven, would not constitute deliberate indifference for an Eighth Amendment violation. *Id.* at 775. Similarly, Ross presents no evidence that MDOC's staff acted in deliberate indifference to

5

his safety or health. The MDOC Second-Step Response Form indicates that he was receiving appropriate medical attention for a mental condition. And while Ross claims that MDOC failed to escort him in the rain to meals, he presents no evidence that the isolated events, if proved, rise to the level of deliberate indifference. We find no such deviation from a known legal rule by the trial court, and Ross's claims are without merit.

## II. MDOC's Decision

¶9. The circuit court found MDOC's decision to deny Ross's transfer was supported by substantial evidence, was not arbitrary or capricious, was within MDOC's scope or power, and did not violate Ross's constitutional rights. We find no error in this determination.

¶10. In contrast to Ross's brief, the State's fifty-page brief cites over one-hundred fifty cases and statutes to bolster its argument to affirm the trial court's dismissal.[2] The State's substantial-evidence argument is the most pertinent, and we find it unnecessary to address the State's other arguments except Ross's status to proceed in forma pauperis (IFP). The State cites two cases where MDOC's decision was affirmed, and we find them instructive. In *Clay*, 19 So. 3d at 744-45 (¶¶2, 4), inmate Louis Clay filed a complaint with MDOC's

---

[2] The State's numerous arguments include: lack of service of process upon MDOC under Mississippi Rule of Civil Procedure 4(d)(5); no right to an in forma pauperis appeal in a civil case; the internal MDOC statute of limitations had run on Ross's case; Ross did not name MDOC as a party in the action; Ross's claim is frivolous because there is no liberty interest in the ARP grievance process; there is no private cause of action in the ARP process; inmates do not have a right to medical preferences or transfer due to medical reasons; circuit courts do not have the authority to order the transfer of inmates; there is no liberty interest in a particular inmate housing assignment or classification; MDOC provided adequate food and medical services to Ross; and inmates are prohibited from raising an ADA claim and such a claim is without merit here; and finally that MDOC's decision was supported by substantial evidence.

6

ARP after an assault by another inmate, seeking a transfer and damages, because he alleged the prison staff did not protect him or provide adequate medical care after the assault. This Court affirmed MDOC's decision to deny a transfer because Clay was moved to a different building from the one in which his attacker was housed, and Clay provided no proof of deliberate indifference to his medical needs. *Id.* at 746-47 (¶¶11-13). In *Wright v. King*, 158 So. 3d 1176, 1178 (¶10) (Miss. Ct. App. 2014), this Court upheld MDOC's decision to move an inmate to a special building after contraband, a cell phone, was discovered on his person.

¶11. Ross has failed to provide any evidence that MDOC's decision was not supported by substantial evidence, was arbitrary and capricious, was beyond the agency's scope or powers, or violated his constitutional or statutory rights. Therefore, the judgment of the circuit court is affirmed.

### III. In Forma Pauperis Status

¶12. The State claims that the circuit court should not have granted Ross's motion for leave to proceed IFP on appeal because the petition was a civil action, citing *Nelson v. Bank of Mississippi*, 498 So. 2d 365, 366 (Miss. 1986) (holding that an indigent civil litigant does not have a right to proceed IFP on appeal), and a 1988 opinion by the Mississippi Attorney General's Office, stating that it was "aware of no authority" empowering a board of supervisors "to appropriate money to pay the costs of civil appeals prosecuted by private citizens, notwithstanding said citizens may be indigent." Miss. Att'y Gen. Op., 1988 WL 249981, *Harper*, at *1 (March 21, 1988). Subsequently, in *Johnson v. State*, 623 So. 2d

7

265, 266-67 (Miss. 1993), the Mississippi Supreme Court provided an exception to *Nelson*, holding that while an indigent civil litigant may not proceed IFP in an appeal, this rule does not apply to appeals brought under the Uniform Post-Conviction Collateral Relief Act. Post-conviction collateral actions, while technically civil in nature, deal with criminal matters. *Id.* (citing Miss. Code Ann. §§ 99-39-7, -25(1) (Rev. 2015)).

¶13. Mississippi Code Annotated section 47-5-76 (Rev. 2015) governs the payment of costs by MDOC for an inmate's filing of a civil action. After an in-depth examination of section 47-5-76 and its legislative history, specifically its most recent amendments in 1998 and 2005, we conclude that an inmate may be granted IFP status on appeal under the statute. In 1989, the Legislature enacted section 47-5-76, providing that if an inmate is a plaintiff in a civil action and has filed a pauper's affidavit, MDOC "shall pay, out of any funds available for such purpose" all court costs assessed against the inmate. Miss. Code Ann. § 47-5-76 (Supp. 1989). The statute was amended in 1993, restricting the payment of costs to those civil actions filed against a department employee and pertained to a condition of confinement:

> If an inmate plaintiff files a pauper's affidavit in a civil action and the defendant is an employee of the department and the civil action pertains to the inmate's condition of confinement, the department shall pay, out of any funds available for such purpose, all costs of court assessed against such inmate in such civil action.

Miss. Code Ann. § 47-5-76 (Rev. 1993).

¶14. In *Moreno v. State*, 637 So. 2d 200, 201 (Miss. 1994), an inmate challenged whether IFP status under section 47-5-76 could extend to an inmate's filing of an appeal. The

8

Mississippi Supreme Court concluded that the statute "unambiguous[ly] . . . allows an inmate plaintiff *only* to proceed [IFP] at the trial level, if all of the statutory requirements are met, *but not at the appellate level*." *Id*. at 202 (emphasis added).

¶15.    In 1996, the Legislature added subsection (2) to section 47-5-76 to address repeated frivolous filings by an inmate.[3]  In 1998, subsection (1) was amended to include—for the first time—language referencing an inmate's filing an appeal. *See* Miss. Code Ann. § 47-5-76(1) (Rev. 2004) (stating the department shall not pay court costs if the inmate had on three or more occasions "brought an action *or appeal* that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief could be granted." (emphasis added)).   The most recent version of section 47-5-76 is from the 2005 amendment, which provides:

> (1)  Except as provided in subsection (2) of this section, if an inmate plaintiff files a pauper's affidavit in a civil action and the defendant is an employee of the department and the civil action pertains to the inmate's condition of confinement, the department shall pay, out of any funds available for such purpose, all costs of court assessed against the inmate in the civil action. However, the department shall not pay the costs of court if the inmate has on three (3) or more prior occasions, while incarcerated, brought an action *or appeal* that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief could be granted.
>
> An inmate shall not bring a civil action *or appeal* a judgment in a civil action or proceeding in forma pauperis if the prisoner has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that was dismissed on the grounds that it was frivolous,

---

[3] Shortly after the 1996 amendment, the supreme court reiterated in *Carson v. Hargett*, 689 So. 2d 753, 755 (Miss. 1996), that section 47-5-76 is only applicable at the trial level, not the appellate level.  Because the action in *Carson* involved a writ of habeas corpus, however, the supreme court rejected the State's argument that the inmate should pay the costs of the action.  *Carson*, 689 So. 2d at 755.

9

malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**(2) An inmate who proceeds in forma pauperis in a civil action shall pay twenty percent (20%) per month of the funds in his or her inmate account to the Department of Corrections until all filing fees and costs of his or her litigation are paid to the department. The department may withdraw such funds automatically from the account of any inmate permitted a civil filing as a pauper.** *If an inmate is allowed an appeal in forma pauperis of a civil action***, the inmate shall reimburse all costs and fees to the department by automatic withdrawal each month in the amount of twenty percent (20%) of his or her funds until all state funds are reimbursed.**

Miss. Code Ann. § 47-5-76 (Rev. 2015) (emphasis added) (2005 additions in bold). We find that this language referencing appeals in the 1998 and 2005 amendments allows a trial court to grant an inmate IFP status on appeal. Here, section 47-5-76(2) applies. Accordingly, Ross may appeal his civil case as an IFP litigant, and the trial court did not err in granting such status.

¶16. We find it appropriate to assess costs of this appeal to the appellant, even though he has IFP status, because MDOC is entitled to withdraw funds from Ross's inmate account until all fees and costs of his appeal are repaid. Because the Rankin County Board of Supervisors paid for Ross's filing fee on appeal, MDOC would presumably reimburse the board for the cost of the appeal.

¶17. **AFFIRMED.**

**CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR. McDONALD, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**