IRVING, P.J.,
for the Court:
¶ 1. On October 6, 2008, Deon S. Ballard pleaded guilty to armed robbery. The Rankin County Circuit Court sentenced him to twenty-five years in the custody of the Mississippi Department of Corrections, with twelve years to serve, thirteen years suspended, and five years of supervised probation. On February 1, 2012, Ballard filed a motion to vacate his sentence, which the circuit court dismissed, treating it as a motion for post-conviction relief (PCR).[1] Feeling aggrieved, Ballard appeals and argues that the circuit court erred in dismissing his motion and that he received ineffective assistance of counsel.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. During Ballard’s sentencing hearing for the armed-robbery charge on November 17, 2008, he tried to withdraw his guilty plea because his trial counsel did not communicate a favorable plea offer from the State to him before the offer expired. The circuit court refused to allow Ballard to withdraw his plea and sentenced him to twenty-five years in prison. On December 8, 2008, Ballard filed his first motion with the circuit court challenging his sentence. He alleged that “he was entitled to an evidentiary hearing on certain rights [that] he was ignorant of during his guilty[-]plea hearing, that his counsel was ineffective in violation of his [Sixth] Amendment [r]ight, that his counsel had a conflict of interest[,] and that his sentence was unfair.” The circuit court denied Ballard’s motion. Ballard filed his second motion on May 18, 2009, alleging that his counsel was ineffective and had a conflict of interest. The circuit court denied this second motion as well.
¶ 4. On February 1, 2012, Ballard filed a motion requesting that his sentence be vacated. He alleged that he had received ineffective assistance of counsel. The circuit court treated Ballard’s motion as a PCR motion and determined that the motion was time-barred and barred as a successive writ. Additionally, the court held that Ballard did not receive ineffective assistance of counsel. It is from this order that Ballard appeals.
¶ 5. Additional facts, as necessary, will be related during our analysis and discussion of the issues.
*89 ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 6. Appellate courts review the dismissal of PCR motion for abuse of discretion. Burrough v. State, 9 So.3d 368, 371 (¶ 6) (Miss.2009). A circuit court may-dismiss a PCR motion “[i]f it plainly appears from the face of the motion, any annexed exhibits[,] and the prior proceedings in the case that the movant is not entitled to any relief[.]” Miss. Code Ann. § 99-39-11(2) (Supp.2012).

I. Procedural Bars

a. Time-Bar

¶ 7. Mississippi Code Annotated section 99-39-5(2) (Supp.2012) states that PCR motions must be filed within three years after the entry of judgment. The circuit court sentenced Ballard on November 17, 2008. Thus, the period allowed for Ballard to file his PCR motion expired on November 17, 2011. Ballard filed this motion to vacate his sentence on February 1, 2012—nearly three months after the limitations period had expired.
¶ 8. Although Ballard did not allege in his motion to vacate that an intervening decision exempted his PCR motion from procedural bars, he, nevertheless, maintains on appeal that his PCR motion is exempted from the three-year limitations period because of an intervening decision from the United States Supreme Court. In Missouri v. Frye, -U.S.-,-, 132 S.Ct. 1399, 1408, 182 L.Ed.2d 379 (2012), the Supreme Court held that defense counsel has a duty to communicate formal plea offers to the defendant before the offers expire.
¶ 9. However, Ballard’s case is distinct from Frye. In Frye, the defendant was charged with driving with a revoked license after having been convicted of that same offense on three prior occasions. Id. at 1404. The prosecutor sent a letter to the defendant’s attorney offering the defendant a choice of two plea bargains. Id. The letter noted that the offers would expire in six weeks. Id. The defendant’s attorney failed to communicate the offers to the defendant before they expired. Id.
¶ 10. After a discussion regarding the standard that it espoused in Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Court held that “as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused.” Frye, 132 S.Ct. at 1408. Therefore, because the defendant’s attorney failed to communicate to him a formal plea offer from the prosecution, the defendant’s attorney had rendered deficient performance. Id. at 1409.
¶ 11. Here, unlike Frye, there is no evidence that the State made a formal plea offer to Ballard that his attorney did not communicate to him. Hence, there is no evidence that Ballard’s counsel’s performance was deficient, and in the absence of any evidence to the contrary, we presume that Ballard’s counsel’s conduct was adequate. Burns v. State, 813 So.2d 668, 673 (¶ 14) (Miss.2001). Accordingly, the circuit court did not err in dismissing Ballard’s PCR motion as time-barred.

b. Successive-Writ Bar

¶ 12. Mississippi Code Annotated section 99-39-23(6) (Supp.2012) prohibits successive PCR motions. According to the circuit court’s order, Ballard filed his first PCR motion on May 18, 2009. Therefore, Ballard’s motion to vacate his conviction and sentence is barred as a successive writ because it is his second PCR motion. Accordingly, the circuit court did not err in dismissing Ballard’s PCR motion as a successive writ.

*90
II. Ineffective Assistance of Counsel

¶ 13. Notwithstanding the procedural bars, Ballard contends that he received ineffective assistance of counsel. However, Ballard has failed to designate a transcript or other supporting documents to serve as a factual foundation for his appeal. As the appellant, it is Ballard’s responsibility to provide this Court with a record sufficient to review his asserted issues. See Means v. State, 43 So.3d 438, 446 (¶ 28) (Miss.2010). Although Ballard attached an uncertified copy of the transcripts from his plea and sentencing hearings to his brief, simply attaching copies of the transcripts does not properly place a record of the previous proceedings before this Court. See Henderson v. State, 783 So.2d 769, 771 (¶4) (Miss.Ct.App.2000). Accordingly, without a proper record, we cannot hold the circuit court in error on this issue.
¶ 14. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR. ROBERTS, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.

. Although Ballard styled his motion as one to vacate his sentence, the circuit court properly treated the motion as a PCR motion. The Mississippi Supreme Court has held that motions that are "cognizable under the [Uniform Post-Conviction Relief Act] UPCCRA will be treated as a motion for post-conviction relief that is subject to the procedural rules promulgated therein, regardless of how the plaintiff has denominated or characterized the pleading.” Knox v. State, 75 So.3d 1030, 1035 (¶ 12) (Miss.2011) (citations omitted). Therefore, even though Ballard presented his motion as one to vacate his sentence, the motion is clearly cognizable under the UPCCRA, and the circuit court correctly treated the motion as a PCR motion.