CARLTON, J.,
for the Court:
¶ 1. David Foster appeals the Sunflower County Circuit Court’s denial of his motion *941 for post-conviction relief (PCR). Foster argues that his jail time served while awaiting trial should be applied to each of his consecutive sentences. Finding no error, we affirm.
FACTS
¶ 2. A Lauderdale County jury convicted Foster of grand larceny and robbery. On November 21, 1994, the Lauderdale County Circuit Court sentenced Foster as a habitual offender to serve five years in the custody of the Mississippi Department of Corrections (MDOC) for the grand-larceny conviction. The circuit court sentenced Foster to serve a consecutive term of fifteen years for the robbery conviction.
113. While awaiting trial on the grand-larceny and robbery charges, Foster spent a combined total of 233 days in the Meridian City Jail and the Lauderdale County Jail. His confinement included the following: 26 days for grand larceny from December 15, 1993 to January 10, 1994; 44 days for grand larceny from January 15, 1994 to February 28, 1994; 149 days for robbery from April 16, 1994 to September 12, 1994; and 14 days for grand larceny and robbery from November 7, 1994 to November 21, 1994. Foster received credit for the 233 days of pretrial jail time.
¶ 4. Foster filed a PCR motion, arguing that his jail time served while awaiting trial should be applied to each of his sentences. The circuit court denied the motion, finding that Foster received 233 days of jail-time credit for pretrial detention in the Meridian City Jail and the Lauderdale County Jail, which MDOC had already applied to the total term of the two sentences. The circuit court further explained that “Foster cannot receive credit twice for presentence jail-time served for multiple offenses during the same time period.” Foster appeals that decision.
STANDARD OF REVIEW
¶ 5. “This Court reviews a circuit court’s denial of a PCR motion under the clearly-erroneous standard of review.” Swilley v. State, 93 So.3d 901, 903 (¶ 7) (Miss.Ct.App.2012). We review questions of law de novo. Id.
DISCUSSION
¶ 6. Foster argues that his jail-time credit should apply to each of his sentences individually because his sentences are consecutive.
¶ 7. Mississippi Code Annotated section 99-19-23 (Rev.2007) states that a prisoner shall receive credit for the number of days incarcerated in municipal or county jail while awaiting trial on a criminal charge or appeal to a higher court after conviction. However, this Court clarified in Stanley v. State, 850 So.2d 154, 157 (¶ 12) (Miss.Ct.App.2003), that “a prisoner actually serving time for another conviction is not, within the meaning of [sjection 99-19-23, being held to await trial.”
¶ 8. The record reflects that Foster spent 233 days incarcerated for both grand larceny and robbery while awaiting trial on both charges. In addition, the Lauderdale County Circuit Court sentenced Foster for both convictions on the same day, November 21, 1994. We thus conclude that the circuit court correctly determined that Foster cannot receive credit twice for the same presentence jail-time served for multiple offenses. See generally Stanley, 850 So.2d at 157 (¶ 12).
¶ 9. After reviewing the record, we find no merit to Foster’s argument.
¶10. THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS AP *942 PEAL ARE ASSESSED TO SUNFLOWER COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, MAXWELL, FAIR AND JAMES, JJ., CONCUR. ROBERTS, J., NOT PARTICIPATING.