# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-01471-COA

**RALPH ARNOLD SMITH, JR.** APPELLANT

**v.**

**STATE OF MISSISSIPPI AND THE DISTRICT**          **APPELLEES**
**ATTORNEY FOR THE FOURTH CIRCUIT**
**COURT DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/21/2015 |
| TRIAL JUDGE: | HON. JOHN S. GRANT III |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | WILLIAM CHARLES BELL |
| ATTORNEYS FOR APPELLEES: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BENNY MCCALIP "MAC" MAY |
| |       TIMOTHY HUTSON JONES |
| |       HAROLD EDWARD PIZZETTA III |
| NATURE OF THE CASE: | CIVIL - OTHER |
| TRIAL COURT DISPOSITION: | DISMISSED PETITION FOR OUTPATIENT TREATMENT |
| DISPOSITION: | AFFIRMED - 03/14/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., ISHEE AND GREENLEE, JJ.**

**ISHEE, J., FOR THE COURT:**

¶1. The Leflore County Chancery Court granted a petition to have Ralph Arnold Smith Jr. involuntarily committed for inpatient treatment in the Mississippi State Hospital at Whitfield (Whitfield). Smith's counsel subsequently filed a petition for outpatient treatment in the Rankin County Chancery Court. After finding that the Hinds County Chancery Court had jurisdiction over the petition, the Rankin County Chancery Court dismissed his petition. Smith appeals. Finding no error, we affirm.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

¶2.     After facing criminal charges in 2012, the Leflore County Circuit Court determined that Smith was not competent to stand trial.  On January 6, 2015, the Leflore County Chancery Court held that Smith should be involuntarily committed to Whitfield.[1]   In February 2015, Smith's counsel requested "a hearing on the question of [Smith's] commitment for further treatment," pursuant to Mississippi Code Annotated section 41-21-81 (Rev. 2013).  Under Mississippi Code Annotated section 41-21-83 (Rev. 2013), the First Judicial District of the Hinds County Chancery Court was required to conduct such a hearing regarding a person committed to Whitfield.  The Hinds County court conducted the "20-day" hearing, and on March 10, 2015, determined that Smith needed to continue his inpatient treatment at Whitfield.

¶3.     Displeased with the Hinds County Chancery Court's order of continued treatment, Smith's counsel returned to the Leflore County Chancery Court and filed additional motions seeking outpatient treatment and other forms of relief to have Smith released from Whitfield. On July 30, 2015, however, the Leflore County Chancery Court entered a final judgment, officially closing the civil-commitment case.  Displeased again, Smith's counsel  then filed a petition for outpatient treatment in the Rankin County Chancery Court under Mississippi Code Annotated section 44-21-74 (Rev. 2013).[2]

---

[1] Smith remained committed and physically housed at Whitfield until his release in November 2016.

[2] Smith's counsel failed to mention the Hinds County Chancery Court's order in his petition filed with the Rankin County court.

¶4. The State moved to dismiss Smith's petition for outpatient treatment. The State argued that because Smith was committed to Whitfield, the Hinds County Chancery Court was statutorily required to hear a petition for outpatient treatment. In addition, the State noted that the Hinds County Chancery Court had already found that Smith required further inpatient treatment, and Smith did not appeal that order. The Rankin County Chancery Court agreed that it lacked jurisdiction. Consequently, it granted the State's motion to dismiss. Smith appeals. During the pendency of this appeal, Smith successfully petitioned the Hinds County Chancery Court's release from Whitfield for outpatient treatment.

**DISCUSSION**

### I. Smith's case falls under the exception to the mootness doctrine, "capable of repetition yet evading review."

¶5. Because Smith has been released from Whitfield, this Court is faced with an appeal that could be considered moot. Generally, this Court will dismiss an appeal "when no useful purpose could be accomplished by entertaining it, when so far as concerns any practical ends to be served the decision upon the legal questions involved would be merely academic." *Strong v. Bostick*, 420 So. 2d 1356, 1359 (Miss. 1982). Exceptions to the mootness doctrine, however, do exist. As such, we may address appeals considered moot where the matter is "capable of repetition yet evading review." *In re Bauman*, 878 So. 2d 1033, 1037 (¶15) (Miss. Ct. App. 2004) (civil-commitment action where appellant was discharged prior to adjudication of his appeal, but held appeal fell under "capable of repetition yet evading review" exception); *see also Weinstein v. Bradford*, 423 U.S. 147, 149 (1975). An appeal that is "capable of repetition yet evading review," though moot, must possess two qualities:

3

(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration; and (2) there was a reasonable expectation that the same complaining party would be subject to the same action again. *Bauman*, 878 So. 2d at 1037 (¶15) (citing *Strong*, 420 So. 2d at 1359).

¶6. Applying the precedent set forth in *Bauman*, we find that Smith's appeal falls within the purview of the "capable of repetition yet evading review" exception to the mootness doctrine. Smith's commitment, though over a year in duration, does not defeat the first prong of this exception, as the subject of this appeal is the Rankin County Chancery Court's dismissal of Smith's petition for outpatient treatment, which Smith timely appealed while committed. We find that the challenged action was too short in its duration to be fully litigated prior to its cessation or expiration. We also find that there is a reasonable expectation that Smith could be subject to the same action again. This is because Smith asserts that Hinds County did not, and does not, have proper jurisdiction over his petition for outpatient treatment, but that court ultimately granted the relief that Smith sought. Thus, we find this case meets both prongs of the exception. *See Strong*, 420 So. 2d at 1359.

¶7. Lastly, this Court finds the present matter involves a question affecting the public interest. "[T]here is an exception to the general rule as respects moot cases, when the question concerns a matter of such a nature that it would be distinctly detrimental to the public interest that there should be a failure by dismissal to declare and enforce a rule for future conduct." *Bauman*, 878 So. 2d at 1038 (¶18) (citing *Alfred v. Webb*, 641 So. 2d 1218, 1220 (Miss. 1994)). Thus, we find the possible conflict regarding which court has

jurisdiction under the circumstances necessitates that this Court address the public interest at issue.

**II. The Rankin County Chancery Court did not err as a matter of law in granting the State's motion to dismiss.**

¶8. The primary issue in this appeal is which court has jurisdiction over a request for outpatient treatment of someone who has been involuntarily committed for inpatient treatment at Whitfield. A de novo standard of review is employed by this Court when reviewing a trial court's grant or denial of a motion to dismiss. *Tallahatchie Gen. Hosp. v. Howe*, 154 So. 3d 29, 31 (¶7) (Miss. 2015). "Questions of jurisdiction and statutory interpretation . . . present matters of law reviewed de novo." *Leg. of State v. Shipman*, 170 So. 3d 1211, 1214 (¶10) (Miss. 2015). Reviewing the statutes at issue, we find the Rankin County Chancery Court did not err as a matter of law in granting the motion to dismiss.

¶9. The question turns on the correlation between sections 41-21-74(4) and 41-21-83. Section 41-21-74(4) relates to "outpatient treatment," and provides that:

> The chancery court of the county *where the public facility is located or the committing court* shall have jurisdiction over matters concerning outpatient commitments when such an order is sought subsequent to an inpatient course of treatment pursuant to Sections 41-21-61 through 41-21-107, 43-21-611, 99-13-7 and 99-13-9 . . . .

(Emphasis added). Smith expressly sought relief pursuant to section 41-21-74. Under the language of section 41-21-74(4), then, Smith asserts that jurisdiction is vested in one of two courts: (1) the court in the county "where the public facility is located" (Rankin County); or (2) "the committing court" (Leflore County). Thus, Smith contends jurisdiction clearly vests in the Chancery Court of Rankin County for his petition for outpatient treatment, as he was

housed in Rankin County at Whitfield at the time of his petition. Smith further asserts that because Leflore County closed his case, Rankin County is alternatively the only court with proper jurisdiction under the statute.

¶10. The State, however, asserts otherwise through its reading of section 41-21-83, which states the following:

> *If a hearing is requested as provided in [s]ection 41-21-74, 41-21-81 [(Rev. 2013),] or 41-21-99 [(Rev. 2013)]*, the court shall not make a determination of the need for continued commitment unless a hearing is held and the court finds by clear and convincing evidence that (a) the person continues to have mental illness or have an intellectual disability; and (b) involuntary commitment is necessary for the protection of the patient or others; and (c) there is no alternative to involuntary commitment. *Hearings held under this section shall be held in the chancery court of the county where the facility is located; however, if the patient is confined at the Mississippi State Hospital at Whitfield, Mississippi, the hearing shall be conducted by the Chancery Court of the First Judicial District of Hinds County, Mississippi.*

(Emphasis added). The State, therefore, argues, as it did in its motion to dismiss, that based upon the language of section 41-21-83 and Smith's confinement at Whitfield, it is Hinds County, rather than Rankin County, that possesses jurisdiction over Smith's requested relief. We agree.

¶11. This Court has clearly articulated its standards for interpreting a statute. "The most fundamental rule of statutory construction is the plain[-]meaning rule, which provides that if a statute is not ambiguous, then this Court must apply the statute according to its terms." *Buckel v. Chaney*, 47 So. 3d 148, 158 (¶35) (Miss. 2010) (quoting *State ex rel. Hood v. Madison Cty. Bd. of Supervisors*, 873 So. 2d 85, 90 (¶19) (Miss. 2004)). "Likewise, it is a well-settled rule of statutory construction that when two statutes pertain to the same subject,

6

they must be read together in light of legislative intent." *Tunica Cty. v. Hampton Co. Nat'l Sur.*, 27 So. 3d 1128, 1133 (¶15) (Miss. 2009) (citing *Lenoir v. Madison Cty.*, 641 So. 2d 1124, 1129 (Miss. 1994)). "The function of the Court is not to decide what a statute should provide, but to determine what it does provide." *Russell v. State*, 231 Miss. 176, 181, 94 So. 2d 916, 917 (1957). Statutes "on the same subject, although in apparent conflict, should if possible be construed in harmony with each other to give effect to each." *Tunica Cty.*, 27 So. 3d at 1134 (¶16) (citing *Miss. Gaming Comm'n v. Imperial Palace of Miss.*, 751 So. 2d 1025, 1029 (¶15) (Miss. 1999)).

¶12.    Heeding these canons of statutory construction, we address the specific statutes at issue in the present matter. Section 41-21-74(4) states that "[t]he chancery court of the county *where the public facility is located or the committing court* shall have jurisdiction over matters concerning outpatient commitments when such an order is sought subsequent to an inpatient course of treatment . . . ." (Emphasis added). As Smith has asserted, the plain and unambiguous language of section 41-21-74(4) vests jurisdiction in either the Rankin County Chancery Court or the committing court of Leflore County. When reading section 41-21-83, however, conflict arises as to jurisdiction for hearings held pursuant to section 41-21-74. A plain-language reading of section 41-21-83 reveals that, as a general matter, hearings requested pursuant to section 41-21-74 "shall be held in the chancery court of the county where the facility is located[.]" *See* Miss. Code Ann. § 41-21-83. The statute did not stop there, however. Instead, the Legislature specifically stated that where the patient is confined at Whitfield, "*the hearing shall be conducted by the Chancery Court of the First*

7

*Judicial District of Hinds County, Mississippi.*" *See id. (emphasis added)*. As these two statutes "pertain to the same subject, they must be read together in light of legislative intent." *Tunica Cty.*, 27 So. 3d at 1133 (¶15).

¶13. To rebut the plain language of section 41-21-83, Smith seemingly avers that section 41-21-83's reference to hearings held under section 41-21-74 relates only to section 41-21-74 (1)-(3). The State argues otherwise, and we agree. The plain and unambiguous language of section 41-21-83 applies broadly, directing that any hearing held pursuant to section 41-21-74 is to be heard by the Hinds County Chancery Court when the patient is confined at Whitfield. The statute in no way delineates that when a patient is confined at Whitfield, outpatient hearings under 41-21-74(1)-(3) must be held in Hinds County, while hearings under 41-21-74(4) must be held in the county where the public facility is located, despite the patient's confinement at Whitfield. Thus, we find no merit to Smith's assertion that section 41-21-83 impliedly carves out an exception for hearings specifically held under section 41-21-74(4).

¶14. To further support his argument, Smith contends that he did not request a hearing under any provision that is found in section 41-21-83. What Smith fails to realize, however, is that a request for a hearing under section 74-21-74(4) incorporates within it the mandates of section 41-21-83. This is because section 41-21-83 outlines the respective court's procedural burden when conducting any hearing filed pursuant to sections 41-21-74, 41-21-81, or 41-21-99. *See* Miss. Code Ann. § 41-21-83. Therefore, we likewise find no merit to this contention.

¶15. Thus, reading sections 41-21-74 and 41-21-83 together, we find section 41-21-83's plain and unambiguous language controlling of the jurisdictional issue at hand. *See Buckel*, 47 So. 3d at 158 (¶35). Because Smith was undisputedly "confined at the Mississippi State Hospital at Whitfield" when he filed his petition for outpatient treatment, we find the plain language of section 41-21-83 required that the matter be resolved by the Chancery Court of the First Judicial District of Hinds County. Though section 41-21-74 does not explicitly state which venue is proper for outpatient hearings requested by patients confined at Whitfield, we find that, after reading the statutes together in light of what the Legislature intended, any hearing by a patient confined at Whitfield at the time a petition is filed under section 41-21-74 must be heard in the Chancery Court of Hinds County. *See also* Miss. Code Ann. §§ 41-21-81; 41-21-89 (Rev. 2013); and 41-21-103 (Rev. 2013) (all stating that Hinds County shall have jurisdiction over matters for patients confined at Whitfield). Therefore, we find no merit to this issue.

## CONCLUSION

¶16. Employing a de novo standard of review, we find that the Rankin County Chancery Court did not err as a matter of law in dismissing Smith's petition for outpatient treatment. Though Whitfield is located in Rankin County and, thus, Rankin County would ordinarily have proper jurisdiction to hear a petition for outpatient treatment under section 41-21-74(4), we hold that such jurisdiction was divested by virtue of section 41-21-83's plain and unambiguous language. As such, we hold that Smith should have filed his petition in the First Judicial District of the Hinds County Chancery Court. Therefore, we affirm.

¶17. **THE JUDGMENT OF THE RANKIN COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. BARNES, J., NOT PARTICIPATING.**