# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2016-SA-00987-SCT

*RALPH ARNOLD SMITH, JR.*

*v.*

*MISSISSIPPI DEPARTMENT OF MENTAL HEALTH AND JAMES G. CHASTAIN, DIRECTOR OF THE MISSISSIPPI STATE HOSPITAL*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/11/2016 |
| TRIAL JUDGE: | HON. DENISE OWENS |
| TRIAL COURT ATTORNEYS: | WILLIAM CHARLES BELL |
| | BENNY McCALIP "MAC" MAY |
| | HAROLD EDWARD PIZZETTA, III |
| | JOHN H. BARNETT, III |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | WILLIAM CHARLES BELL |
| ATTORNEYS FOR APPELLEES: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  BENNY McCALIP "MAC" MAY |
| |      HAROLD EDWARD PIZZETTA, III |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | DISMISSED AS MOOT - 11/09/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, P.J., MAXWELL AND BEAM, JJ.**

**MAXWELL, JUSTICE, FOR THE COURT:**

¶1.     Dr. Ralph A. Smith Jr. was arrested and indicted in a murder-for-hire plot in 2012. He was eventually committed to the Mississippi State Hospital at Whitfield, where he has been treated for mental illness. Soon after his arrival at Whitfield, the facility's director recommended Dr. Smith's illness required continual, involuntary treatment and that he

should remain committed at the facility. Dr. Smith disagreed with the recommendation and has contested his commitment to Whitfield at every step. Most recently, Dr. Smith filed in Hinds County Chancery Court a habeas petition and motion for relief from the chancellor's ruling that ordered his continued inpatient treatment. Dr. Smith argues he has been improperly confined to Whitfield and should be released immediately or discharged to an outpatient facility.

¶2. The chancellor denied his petition and motion for relief. And on appeal, Smith argues his habeas petition was wrongly denied and the Mississippi Department of Mental Health lacked standing to oppose his requests. But during the pendency of this appeal, Dr. Smith was discharged from Whitfield to an outpatient facility. So the relief he requests in this appeal can no longer be granted by this Court. We thus dismiss his appeal as moot.

**Background Facts and Procedural History**

¶3. In 2012, Dr. Smith was arrested and indicted for capital murder, conspiracy, and burglary. In October 2014, a Leflore County Circuit Court judge declared Dr. Smith incompetent to stand trial. Based on this ruling, the Leflore County District Attorney's Office filed an affidavit in chancery court to begin civil-commitment proceedings. After examinations by a court-appointed physician and psychologist and two hearings, on January 16, 2015, Special Chancellor Hollis McGehee ordered Dr. Smith to be committed to the Mississippi State Hospital at Whitfield.

¶4. Soon after his arrival at Whitfield, Dr. Smith requested a hearing in Hinds County Chancery Court. The purpose of the hearing was to determine if continued commitment was

necessary.[1] Chancellor Denise Owens appointed counsel for Dr. Smith. She also assigned the hearing to a special master. The hearing took place at Whitfield on March 10, 2015. The special master heard testimony from a physician and psychologist, both employed at Whitfield, that Dr. Smith needed continued "forced treatment" for "a persistent mental disorder." The special master agreed that Dr. Smith's continued treatment at Whitfield was necessary and was the least restrictive alternative. Based on the special master's findings, Judge Owens entered an order on March 10, 2015, continuing Dr. Smith's commitment at Whitfield.

¶5.     On October 13, 2015, Dr. Smith filed a motion requesting a hearing before Judge Owens. He argued that Whitfield's director had not completed the six-month examination required under Mississippi Code Section 41-21-99.[2] And he insisted he should be released

---

[1] In a related appeal, the Court of Appeals held that Mississippi Code Section 41-21-83 plainly states that when a patient is committed to Whitfield, any hearings under Section 41-21-74(4) shall be held in chancery court for the First Judicial District of Hinds County. *See **Smith v. State***, 2015-CA-1471-COA, 2017 WL 986711 (Miss. Ct. App. March 14, 2017).

[2] Section 41-21-99 states:

The director shall obtain all the available facts relative to the illness of each patient admitted to said treatment facility. The director or a physician on the staff of said treatment facility shall, as often as practicable but not less frequently than every six (6) months, examine the patient and review the records as to the need for continued treatment of each patient and make the results of such examination a part of the patient's clinical record. The patient shall have the right to request a hearing at least annually, pursuant to Section 41-21-83. The patient shall be advised of his right to request a hearing and of his right to consult an attorney prior to his decision concerning whether or not to request such hearing, and the fact that the patient has been so advised shall be documented in the clinical record.

from Whitfield or discharged to an outpatient facility. The Mississippi Department of Mental Health (the Department), through the Attorney General's Office, responded that Dr. Smith had received his six-month examination on May 8, 2015. They asserted the examination was part of his clinical record. And the next examination was scheduled for November 7, 2015.

¶6.    Judge Owens held hearings on December 4 and 18, 2015, and heard extensive testimony about Dr. Smith's mental condition. Dr. Smith called his wife, a counselor from Hinds Behavioral Health Services, and a forensic psychologist from Whitfield as witnesses. The gist of their testimony was that outpatient treatment was sufficient both to treat Dr. Smith and to protect the community. The Department disagreed. Whitfield's chief forensic psychiatrist testified that outpatient treatment was not sufficient for Dr. Smith's condition.

¶7.    After the December 18, 2015, hearing, both Dr. Smith and the Department submitted proposed findings of fact and conclusions of law. But on January 18, 2016, before Judge Owens issued her final decision, Dr. Smith filed a habeas petition in her court. The petition named the Department and the director of Whitfield as defendants. Dr. Smith argued he was being unlawfully detained at Whitfield. He sought immediate release or discharge to an outpatient facility.

¶8.    By February 1, 2016, Judge Owens entered her opinion and order on Dr. Smith's six-month hearing motion. After weighing the evidence, she was unconvinced outpatient treatment was, at that time, sufficient to treat Dr. Smith. So she ordered he remain committed to Whitfield.

_____

Miss. Code Ann. § 41-21-99 (Rev. 2013).

4

¶9. Dr. Smith responded by filing an amended habeas petition and motion for relief from the chancellor's order. One of his arguments was that the Department lacked standing to oppose his release or request for outpatient treatment. The chancellor heard arguments on Dr. Smith's habeas petition and motion for relief. And the parties submitted proposed findings of fact and conclusions of law.

¶10. After considering each party's testimony and filings, Judge Owens issued an opinion and order on July 11, 2016. She rejected Dr. Smith's arguments that (1) the Department lacked standing to participate in the proceedings, (2) the court had no authority to civilly commit Dr. Smith, and (3) he was receiving improper or unlicensed treatment at Whitfield. She found Dr. Smith had waived any objection to the Department's participation by waiting to challenge standing "until after significant proceedings" had taken place. And even absent waiver, Mississippi's liberal standing requirements allowed the Department to participate in the proceedings. Further, Judge Owens found the Department had standing because Dr. Smith chose to name it as a defendant.

¶11. Dr. Smith now appeals to this Court. He claims Judge Owens erred by (1) finding the Department had standing to participate in commitment proceedings and (2) wrongly denying his habeas petition. Dr. Smith filed a related appeal, *Smith v. State*, 2015-CA-1163-SCT, in which this Court affirmed in a per curiam opinion dated August 24, 2017. The parties supplemented the record and provided supplemental briefs in that appeal.

¶12. It was established in *Smith v. State*, 2015-CA-1163-SCT, that Dr. Smith is no longer in Whitfield. Judge Owens ordered Dr. Smith to be discharged to Pine Grove Behavioral

Health and Addiction Services (Pine Grove) for a "step-down" program where Dr. Smith would first be confined to involuntary inpatient treatment at Pine Grove and eventually transition to treatment as an outpatient. She based her decision on a July 31, 2016, "Forensic Risk Evaluation" conducted on Dr. Smith by D. Clay Kelly Jr. and Gina Manguno-Mire of the Tulane University School of Medicine, Department of Psychiatry and Behavioral Sciences. Citing this evaluation, the chancellor found treatment at Pine Grove was a "suitable, less restrictive alternative" to Whitfield. Dr. Smith acknowledged his discharge from Whitfield in his supplemental brief in *Smith v. State*, 2015-CA-1163-SCT. Since Dr. Smith is now in a treatment program at Pine Grove, his requests to be released from Whitfield or be discharged to another treatment facility are now moot.

### Conclusion

¶13. Because the relief Dr. Smith requests is now moot, no relief can be granted by this Court.

¶14. **DISMISSED AS MOOT.**

**WALLER, C.J., RANDOLPH AND KITCHENS, P.JJ., KING, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR. COLEMAN, J., NOT PARTICIPATING.**