# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-01499-COA

**ONLY AL-KHIDHR**                                     **APPELLANT**

**v.**

**RONALD KING, SUPERINTENDENT, AND**             **APPELLEES**
**CENTRAL MISSISSIPPI CORRECTIONAL**
**FACILITY**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/30/2016 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN III |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ONLY AL-KHIDHR (PRO SE) |
| ATTORNEYS FOR APPELLEES: | ANTHONY LOUIS SCHMIDT JR. |
| | DARRELL CLAYTON BAUGHN |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 04/24/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., BARNES AND WILSON, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1. Only Al-Khidhr appeals the judgment of the Rankin County Circuit Court, arguing that the court erred by affirming the decision of Ronald King, Superintendent of the Central Mississippi Correctional Facility of the Mississippi Department of Corrections (MDOC), and dismissing his petition for judicial review.

¶2. Finding no error, we affirm.

## FACTS

¶3. On May 1, 2012, Al-Khidhr was indicted by a Harrison County grand jury for unlawful possession of a firearm by a convicted felon. On September 16, 2013, Al-Khidhr

was indicted again by a Harrison County grand jury, the charge being possession of a controlled substance. On December 3, 2013, the circuit court granted the State's motion to amend Al-Khidhr's indictment for possession of a controlled substance to charge Al-Khidhr as a habitual offender, and on the same date, he pleaded guilty to the charges in both indictments. The circuit court sentenced him to consecutive sentences of five years on the firearm charge and four years on the drug-possession charge, with both sentences to be served in the custody of the MDOC. Pursuant to Mississippi Code Annotated section 99-19-23 (Rev. 2015), Al-Khidhr was entitled to a credit against his sentences for the time he spent in jail awaiting trial. He was given a credit for all time served on both charges through the date of his guilty pleas on December 3, 2013—amounting to 613 days of pre-trial confinement. Al-Khidhr does not dispute that 613 days is an accurate calculation of his pre-trial confinement; he only argues that it should have been doubled to apply to both of his charges.

¶4.     However, on February 19, 2016, Al-Khidhr filed an "Administrative Remedy Program" (ARP) appeal with the MDOC requesting double credit for his pre-jail confinement time, arguing that he was entitled to a separate credit for each charge. MDOC denied his appeal on May 11, 2016.

¶5.     On June 10, 2016, Al-Khidhr filed a petition for judicial review in the Rankin County Circuit Court. The circuit court dismissed the petition on June 30, 2016. On July 10, 2016, Al-Khidhr filed a motion for reconsideration, which the circuit court denied on September

2

30, 2016. On October 18, 2016, Al-Khidhr filed a notice of appeal.

¶6. On August 8, 2016, Al-Khidhr filed a motion to clarify his sentence in the Harrison County Circuit Court. On May 1, 2017, the circuit court dismissed Al-Khidhr's motion, finding that it was a successive writ and that venue was improper. He appealed the dismissal in the Harrison County case (cause number 2017-CP-00269) to the Mississippi Supreme Court, which assigned the case to this Court, where it is still pending. Of note, according to the MDOC, Al-Khidhr was released from custody on July 14, 2017.

## DISCUSSION

¶7. Our standard of review is succinctly addressed in *Welch v. Epps*, 158 So. 3d 360, 361 (¶3) (Miss. Ct. App. 2015):

> The decision of an administrative agency shall not be disturbed unless unsupported by substantial evidence; arbitrary or capricious; beyond the agency's scope or powers; or violative of the constitutional or statutory rights of the aggrieved party. There is a rebuttable presumption which favors the agency's decision and the challenging party has the burden of proving the contrary.

(Internal citations and quotation marks omitted).

¶8. Al-Khidhr contends that the MDOC improperly computed his prison sentence to conform to his sentencing order. He argues that the 613 days he spent in jail awaiting trial should have been applied to each of his consecutive sentences. He further argues that his sentence for drug possession was to be served as a habitual offender and that he completed that sentence on March 30, 2016; however, he contends that once his sentence for gun possession started, he was entitled to an additional 613-day credit for that sentence as well.

3

He asserts that the court erred in dismissing his case in light of the sentencing order and the language of Mississippi Code Annotated section 99-19-23 (Rev. 2015), which states: "The number of days spent by a prisoner in incarceration in any municipal or county jail while awaiting trial on a criminal charge . . . shall be applied on any sentence rendered by a court of law or on any sentence finally set after all avenues of appeal are exhausted." The sentencing order reads in pertinent part, "[t]he [d]efendant shall be given credit for any and all time served as to *these* charges." (emphasis added). He asserts that, based on that language, he was entitled to a separate credit for each charge.

¶9. The MDOC responds that the issues raised in this case are moot because, according to their records, on July 14, 2017, Al-Khidhr was released from the MDOC's custody. The MDOC argues that "cases in which an actual controversy existed at trial but the controversy has expired at the time of review, become moot." *J.E.W. v. T.G.S.*, 935 So. 2d 954, 959 (¶14) (Miss. 2006) (quoting *Monaghan v. Blue Bell Inc.*, 393 So. 2d 466, 466-67 (Miss. 1980)). We agree, but there is an exception to the mootness doctrine: "we may address appeals considered moot where the matter is 'capable of repetition yet evading review.'" *Smith v. State*, 229 So. 3d 178, 180 (¶5) (Miss. Ct. App. 2017). Therefore, we briefly consider the issues raised by Al-Khidhr.

¶10. Notwithstanding the overall merit of Al-Khidhr's appeal, or the lack thereof, the MDOC contends that he was given credit for time served within the guidelines of section 99-19-23, and that he received the appropriate amount of credit for the time he spent in jail

4

before he pleaded guilty. The MDOC cites *Foster v. Durr*, 123 So. 3d 940, 941 (¶8) (Miss. Ct. App. 2013), for the principle that Al-Khidhr "cannot receive credit twice for the same presentence jail-time served for multiple offenses." Despite Al-Khidhr's contention that *Foster* is not applicable to the case at hand, we find that it is. In *Foster*, this court found that Foster was entitled to 233 days of credit for jail time served while awaiting trial. *Id.* at (¶3). He was convicted, on the same day, of two charges which had individual and joint presentence jail-time attributable to them. Foster—just like Al-Khidhr—argued that his jail-time credit should have been applied to each of his sentences individually because his sentences were consecutive. *Id*. at (¶6). However, as this Court reasoned in *Foster*, Al-Khidhr cannot receive credit twice for the same presentence jail-time served for multiple offenses. As such, we find that the MDOC's decision was supported by substantial evidence and was not arbitrary or capricious.

¶11. **AFFIRMED.**

**LEE, C.J., GRIFFIS, P.J., BARNES, CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**