# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-00269-COA

**ONLY AL-KHIDHR A/K/A MANUEL SULLIVAN**                    **APPELLANT**

**v.**

**RON KING AND JEWORSKI MALLETT**                                **APPELLEES**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/05/2017 |
| TRIAL JUDGE: | HON. LAWRENCE PAUL BOURGEOIS JR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | ONLY AL-KHIDHR (PRO SE) |
| ATTORNEY FOR APPELLEES: | OFFICE OF THE ATTORNEY GENERAL BY: DARRELL CLAYTON BAUGHN |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED: 10/23/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., BARNES AND WESTBROOKS, JJ.**

**BARNES, J., FOR THE COURT:**

¶1.     Only Al-Khidhr, appearing pro se, appeals the judgment of the Circuit Court of Harrison County, which dismissed his motion to clarify his sentence. We affirm the dismissal.

## FACTS AND PROCEDURAL HISTORY

¶2.     In December 2013, Al-Khidhr pleaded guilty to unlawful possession of a firearm by a convicted felon and possession of a controlled substance in the Second Judicial District of the Harrison County Circuit Court. Al-Khidhr was sentenced to five years for the firearm charge and four years for the drug-possession charge, to run consecutively in the custody of

the Mississippi Department of Corrections (MDOC). The drug-possession sentence was enhanced because he qualified as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2015), requiring him to serve the four-year sentence day-for-day, although he would be eligible for parole on the five-year sentence. Additionally, the sentencing order stated that Al-Khidhr would "be given credit for any and all time served as to these charges." It is undisputed that Al-Khidhr had 613 days of jail-time served before he pleaded guilty.

¶3. In February 2016, Al-Khidhr filed an appeal through the MDOC Administrative Remedy Program (ARP), disputing the calculation of his parole date and credit for pre-conviction jail time. In May 2016, prison officials, through the ARP, determined that his parole date was correct. Al-Khidhr disputed this administrative decision, filing a petition for judicial review in the Rankin County Circuit Court[1] the following month. On June 30, 2016, the circuit court affirmed the decision and dismissed Al-Khidhr's petition. In July 2016, Al-Khidhr filed a motion for reconsideration.

¶4. While this motion[2] was pending before the circuit court, on July 28, 2016, Al-Khidhr filed the instant case's "Emergency Writ of Habeas Corpus Motion to Clarify Sentence" in the Harrison County Circuit Court against MDOC officials Ron King, Superintendent of the

[1] At the time of the Rankin County Circuit Court's decision, Al-Khidhr was housed at MDOC's facility in Pearl, Mississippi, in Rankin County, and he was still incarcerated there when the circuit court dismissed his motion in this case.

[2] The Rankin County Circuit Court ultimately denied the motion for reconsideration, and on October 18, 2016, Al-Khidhr timely appealed.

Central Mississippi Correctional Facility, and Jeworski Mallett, Director of Records. He made the same argument as he did before the Rankin County Circuit Court—that his credit for time served prior to his conviction should be applied to both charges, which would double his 613 days of time served. On May 1, 2017, the Harrison County Circuit Court dismissed Al-Khidhr's motion, finding it was a successive writ and that venue was improper. Al-Khidhr timely appealed. On July 14, 2017, approximately one and one-half months after filing his appeal, Al-Khidhr was released from prison, having completed serving his sentences.

¶5. On April 24, 2018, while his appeal on this case was pending, our Court affirmed the Rankin County Circuit Court's dismissal of his first motion in *Al-Khidhr v. King*, 245 So. 3d 552 (Miss. Ct. App. 2018). In that appeal, MDOC responded that Al-Khidhr's arguments were moot because he had already been released from MDOC's custody; nevertheless, this Court briefly addressed the merits of his claim. *Id.* at 554 (¶9). MDOC contended that Al-Khidhr was given proper credit under section 99-19-23 for time served before he pleaded guilty. *Id.* at (¶10). MDOC cited to *Foster v. Durr*, 123 So. 3d 940, 941 (¶8) (Miss. Ct. App. 2013), which we found directly on point for the proposition that a defendant "cannot receive credit twice for the same presentence jail-time served for multiple offenses." *Al-Khidhr*, 245 So. 3d at 554-55 (¶10). In *Foster*, similar to here, the defendant was found

> entitled to 233 days of credit for jail time served while awaiting trial. He was convicted . . . of two charges which had individual and joint presentence jail-time attributable to them. Foster—just like Al-Khidhr—argued that his jail-time credit should have been applied to each of his sentences individually

3

because his sentences were consecutive.

*Al-Khidhr*, 245 So. 3d at 555 (¶10) (citing *Foster*, 123 So. 3d at 941 (¶¶3, 6)). We found *Foster*'s pronouncement that the defendant "cannot receive credit twice for the same presentence jail-time served for multiple offenses" dispositive of Al-Khidhr's first appeal. *Id.* at 554 (¶10) (citing *Foster*, 123 So. 3d at 941 (¶8)). This Court affirmed the circuit court's denial of Al-Khidhr's request for double-credit of pre-trial imprisonment and held that credit for time served could only be applied to one of the prisoner's sentences—not both consecutive sentences. *Id.* at 555 (¶10).

## STANDARD OF REVIEW

¶6. This Court has articulated the proper standard of review for administrative agency decisions as follows:

> The decision of an administrative agency shall not be disturbed unless unsupported by substantial evidence; arbitrary or capricious; beyond the agency's scope or powers; or violative of the constitutional or statutory rights of the aggrieved party. There is a rebuttable presumption which favors the agency's decision and the challenging party has the burden of proving the contrary.

*Ross v. Epps*, 922 So. 2d 847, 849 (¶4) (Miss. Ct. App. 2006) (citations and internal quotation mark omitted).

## ANALYSIS

¶7. The only issue Al-Khidhr raises before this Court is that MDOC should have applied his pre-trial jail time of 613 days to both of his sentences. He claims Mississippi Code Annotated section 99-19-23 (Rev. 2015), which provides that a prisoner shall be credited

4

with any jail time served while awaiting trial, was violated.

¶8. The circuit court, in dismissing Al-Khidhr's motion to clarify his sentence, found the motion procedurally barred as "successive" and the venue improper. We find the circuit court's dismissal proper, but for partly different reasons. Al-Khidhr's motion cannot be considered a "successive writ" because this procedural bar only applies to motions for post-conviction relief.[3] Both this motion and his first motion were requests to the MDOC to clarify and recalculate his sentence—not requests for post-conviction relief.

¶9. The Harrison County Circuit Court did, however, correctly find that Al-Khidhr improperly filed his motion to appeal the MDOC's ARP decision in the county of his conviction. This Court has repeatedly held that "[i]n applying section 11-11-3 [the statute on venue for civil actions] to a prisoner's appeal of an MDOC decision or policy . . . such appeals 'must be made in the circuit court of the county where the prisoner resides.'" *Roberts v. Miss. Dep't of Corr.*, 219 So. 3d 588, 591 (¶9) (Miss. Ct. App. 2017) (quoting *Hearron v. Miss. Dep't of Corr.*, 166 So. 3d 53, 55-56 (¶8) (Miss. Ct. App. 2015)). At the time of his appeal to the circuit court, Al-Khidhr was imprisoned in Rankin County; therefore, his first appeal was filed in the proper jurisdiction. But this second appeal was filed in the incorrect venue, as correctly determined by the circuit court.

¶10. Additionally, we find Al-Khidhr's appeal before this Court is moot because Al-Khidhr

---

[3] Under the Uniform Post-Conviction Collateral Relief Act, any order denying or dismissing a motion for post-conviction relief bars a second motion. Miss. Code Ann. § 99-39-23(6) (Rev. 2015).

has already been released from prison. "Cases in which an actual controversy existed . . . but the controversy has expired at the time of review, become moot." *J.E.W. v. T.G.S.*, 935 So. 2d 954, 959 (¶14) (Miss. 2006) (quoting *Monaghan v. Blue Bell Inc.*, 393 So. 2d 466, 466-67 (Miss. 1980)). "A case is moot so long as a judgment on the merits, if rendered, would be of no practical benefit to the plaintiff or detriment to the defendant." *Fails v. Jefferson Davis Cty. Pub. Sch. Bd.*, 95 So. 3d 1223, 1225 (¶10) (Miss. 2012) (quoting *Gartrell v. Gartrell*, 936 So. 2d 915, 916 (¶8) (Miss. 2006)). Because Al-Khidhr was released from imprisonment approximately one and one-half months after he filed this appeal, there is no longer a controversy to review, and any judgment rendered would have no practical benefit to Al-Khidhr.

¶11. Lastly, this Court has already determined Al-Khidhr's substantive arguments to be without merit. *See Al-Khidhr*, 245 So. 3d at 554-55 (¶10).

¶12. Thus, for the foregoing reasons, we affirm the Harrison County Circuit Court's dismissal.

¶13. **AFFIRMED.**

**LEE, C.J., GRIFFIS, P.J., FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. IRVING, P.J., NOT PARTICIPATING.**