# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CP-00428-COA

**KENNETH S. CUNNINGHAM**                                          **APPELLANT**

**v.**

**MISSISSIPPI DEPARTMENT OF**                                          **APPELLEE**
**CORRECTIONS**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/31/2021 |
| TRIAL JUDGE: | HON. MARGARET CAREY-McCRAY |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | KENNETH CUNNINGHAM (PRO SE) |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: KIMBERLY PINE TURNER |
| | MELISSA ASHLEY MARTIN GRAY |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 05/17/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WILSON, P.J., McDONALD AND SMITH, JJ.**

**SMITH, J., FOR THE COURT:**

¶1.     Kenneth Cunningham sought administrative-remedy relief through the Administrative

Remedy Program (ARP) of the Mississippi Department of Corrections (MDOC). Following

MDOC's denials of his two ARP requests, Cunningham filed an unsuccessful motion for

judicial review in the Sunflower County Circuit Court. Because we find no reversible error

in the circuit court's denial of Cunningham's motion for judicial review, we affirm the circuit

court's judgment.

## FACTS

¶2.     On June 12, 2014, Cunningham was arrested in Neshoba County, Mississippi, on three

separate charges of possession of controlled substances. On August 5, 2015, Cunningham was transferred to Lauderdale County, Mississippi. In March 2016, Cunningham was convicted in Neshoba County in Cause Number 15-CR-0091-NS-C and was sentenced to time already served as reflected on his commitment order. Cunningham's time served included the 419 days of pretrial detention he spent in Neshoba County before his transfer to Lauderdale County. In August 2016, Cunningham was convicted in Lauderdale County in Cause Numbers 253-14 and 292-14 and sentenced as a habitual offender to serve consecutive terms of seven years followed by one day of a twenty-five-year term in MDOC's custody.

¶3. On November 27, 2018, Cunningham filed a request for an administrative remedy through MDOC's ARP. Cunningham claimed that he was never sentenced in Neshoba County and that his 419 days of pretrial detention in Neshoba County should be credited toward the sentences he was currently serving for Cause Numbers 253-14 and 292-14. After finding that Cunningham's request exceeded the time limit for filing a grievance, MDOC denied the request as untimely. On June 13, 2019, Cunningham filed a second request through MDOC's ARP. MDOC denied the second request because it raised the same issue that had been addressed in the denial of Cunningham's first request. Aggrieved by MDOC's denials of his administrative-remedy requests, Cunningham filed a motion for judicial review in the Sunflower County Circuit Court.

¶4. By its order filed on March 31, 2021, the circuit court addressed Cunningham's motion for judicial review. The circuit court found that the relief sought in Cunningham's

ARP requests involved the computation of his sentence and that, if meritorious, the matter could affect the remaining amount of time Cunningham served in custody. As a result, the circuit court concluded MDOC had erred by simply denying Cunningham's first administrative-remedy request as time-barred. The circuit court further found, however, that Cunningham's 419 days of pretrial detention in Neshoba County had been applied toward his sentence in Neshoba County in Cause Number 15-CR-0091-NS-C. As a result, the circuit court held the same time could not also be applied toward Cunningham's current sentences in Lauderdale County in Cause Numbers 253-14 and 292-14. The circuit court therefore denied Cunningham's motion for judicial review of MDOC's decisions. Aggrieved, Cunningham appeals.

## STANDARD OF REVIEW

¶5. "This Court reviews a circuit court's decision regarding an agency's actions using the same standard of review as trial courts." *Roberson v. Fisher*, 303 So. 3d 788, 790 (¶8) (Miss. Ct. App. 2020) (quoting *Jobe v. State*, 288 So. 3d 403, 408 (¶18) (Miss. Ct. App. 2019)). We examine "whether the circuit court exceeded its authority, bearing in mind that a rebuttable presumption exists in favor of the action of the agency, and the burden of proof is on the party challenging the agency's action." *Id.* (quoting *Jobe*, 288 So. 3d at 408 (¶18)). "Appellate review of an agency decision is limited to the record and the agency's findings." *Smith v. State*, 293 So. 3d 238, 241 (¶12) (Miss. 2020) (quoting *Bd. of Law Enf't Officers Standards & Training v. Butler*, 672 So. 2d 1196, 1199 (Miss. 1996)). "The Court will not disturb a decision of an administrative agency, like [MDOC], unless the decision is

unsupported by substantial evidence, is arbitrary or capricious, is beyond the agency's scope or powers, or is a violation of the party's constitutional rights." *Williams v. State*, 312 So. 3d 384, 384 (¶2) (Miss. Ct. App. 2020) (quoting *Thomas v. Miss. Dep't of Corr.*, 248 So. 3d 786, 789 (¶8) (Miss. 2018)).

## DISCUSSION

¶6.     On appeal, Cunningham challenges the circuit court's determination that his time spent in pretrial detention in Neshoba County was credited toward his sentence in Neshoba County in Cause Number 15-CR-0091-NS-C and therefore could not be applied toward his sentences in Lauderdale County in Cause Numbers 253-14 and 292-14.[1] Other than his own bare assertions, however, Cunningham has failed to provide any "supporting documents to serve as a factual foundation for his appeal." *Ballard v. State*, 130 So. 3d 87, 90 (¶13) (Miss. Ct. App. 2013). The record before us contains no documents pertaining to Cunningham's pretrial detention in Neshoba County or to his convictions and sentences in Neshoba and Lauderdale Counties that would support the allegations asserted in his appeal. "As the appellant, it is [Cunningham's] responsibility to provide this Court with a record sufficient to review his asserted issues." *Id.* Because Cunningham has failed to do so, we find there is insufficient evidence to demonstrate that the circuit court exceeded its authority or otherwise erred by denying Cunningham's motion for judicial review of MDOC's ARP

---

[1] Cunningham asserts additional arguments in his appellate brief, but because he failed to raise these assignments of error before the circuit court, we decline to address them on appeal. *See Simpson v. State*, 282 So. 3d 663, 665 (¶5) (Miss. Ct. App. 2019) (recognizing that matters not raised before the trial court are procedurally barred from appellate review).

decisions.

¶7.    Even with Cunningham's failure to meet his evidentiary burden, we recognize that the Sunflower County Circuit Court specifically stated in its order that in Neshoba County Cause Number 15-CR-0091-NS-C, Cunningham was "sentenced to time served as reflected on his commitment order." The circuit court's order further provided that "Petitioner's Amended Commitment Record in [Cause Number] 15-CR-0091-NS-C includes the pretrial detention" and that Cunningham therefore "received credit for the subject time period as time already served in Neshoba County [Cause Number] 15-CR-0091-NS-C." Thus, based on our review of the Sunflower County Circuit Court's order, we conclude that Cunningham received credit for his pretrial detention in Neshoba County and that the circuit court properly denied his motion for judicial review. *See Foster v. Durr*, 123 So. 3d 940, 941 (¶8) (Miss. Ct. App. 2013) (affirming the circuit court's determination that a prisoner "cannot receive credit twice for the same presentence jail-time served for multiple offenses").

## CONCLUSION

¶8.    Because we find no error, we affirm the circuit court's judgment denying Cunningham's motion for judicial review.

¶9.    **AFFIRMED.**

     **BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND EMFINGER, JJ., CONCUR.**