# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CP-00220-COA

JERRY LOUIS MALLERY                                    APPELLANT

v.

STATE OF MISSISSIPPI AND MISSISSIPPI                    APPELLEES
DEPARTMENT OF CORRECTIONS

DATE OF JUDGMENT:            01/18/2024
TRIAL JUDGE:                 HON. TOMIKA HARRIS IRVING
COURT FROM WHICH APPEALED:   JEFFERSON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      JERRY LOUIS MALLERY (PRO SE)
ATTORNEY FOR APPELLEES:      OFFICE OF THE ATTORNEY GENERAL
                             BY: KRISTI DUNCAN KENNEDY
NATURE OF THE CASE:          CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                 APPEAL DISMISSED - 04/22/2025
MOTION FOR REHEARING FILED:

**BEFORE CARLTON, P.J., WESTBROOKS AND EMFINGER, JJ.**

**EMFINGER, J., FOR THE COURT:**

¶1.     Jerry Louis Mallery pled guilty to sexual battery in the Circuit Court of Jackson County, Mississippi, on November 19, 2015. He was sentenced to a term of thirty years in the custody of the Mississippi Department of Corrections (MDOC), with ten years to serve and the remainder on post-release supervision. On December 6, 2023, Mallery filed a "Motion for Post-Conviction Collateral Relief" (PCR) in the Jackson County Circuit Court. Finding that the motion was, in effect, a motion for judicial review of an MDOC Administrative Remedies Program (ARP) decision, the court transferred the matter to the Circuit Court of Jefferson County, Mississippi, the county in which Mallery was incarcerated. That court dismissed Mallery's motion for judicial review as being untimely

filed. Aggrieved by that decision, Mallery appealed, again arguing for his release.

## FACTS AND PROCEDURAL HISTORY

¶2.     On or about July 11, 2022, Mallery filed a request for an administrative remedy through the ARP at the Jefferson-Franklin Regional Correctional Facility. Mallery alleged that he had not been given proper credit against his sentence for all the time he served in pre-conviction detainment on his charges. In both the first and second ARP steps, MDOC advised Mallery that he had received all the credit against the sexual battery sentence that was proper. MDOC advised Mallery that a portion of the time he spent in pre-conviction detainment was credited against a prior sentence. Mallery received his second step response form on December 22, 2022. This form informed Mallery that he had thirty days from the day of receipt of the form to seek judicial review of MDOC's decision.

¶3.     On March 15, 2023, Mallery filed his PCR motion in Jackson County Circuit Court. In this motion, Mallery argued that his sentence had expired and that he was being illegally detained as a result of MDOC failing to properly credit his pre-conviction incarceration to his sentence. In the PCR motion, he detailed the steps he had taken through ARP in an effort to correct the problem. In the end, Mallery asked the circuit court to order MDOC to correct their error and to immediately release him from incarceration. The Jackson County Circuit Court found the motion to be one seeking judicial review and on December 6, 2023, transferred venue to Jefferson County, where Mallery was incarcerated. On January 18, 2024, the Jefferson County Circuit Court entered an order dismissing his motion for judicial review pursuant to Mississippi Code Annotated section 47-5-807 (Rev. 2023) for failure to timely

file the motion within thirty days of the receipt of his second-step response form. Mallery appealed.

## ANALYSIS

¶4.     On appeal, Mallery contends that the trial courts erred by treating his motion as one for judicial review, as opposed to a motion for post-conviction collateral relief. He argues that by the time he received his second-step response form, his lawful sentence had already expired. As a result, Mallery argues that he was entitled to file the PCR motion in the county of his conviction. In support, he cites *Stanley v. Turner*, 846 So. 2d 279, 281 (¶7) (Miss. Ct. App. 2003), where this Court stated:

> Since the passage of Mississippi's Uniform Post-Conviction Collateral Relief Act, a claim that a prisoner is being wrongfully held after his term of confinement has expired is one that must be brought under the provisions of that Act. Miss. Code Ann. § 99-39-5(1)(g) (Rev. 2000). Jurisdiction for such a proceeding lies in the circuit court where the conviction was obtained and not in the county where the movant may be incarcerated. Miss. Code Ann. § 99-39-7 (Rev. 2000); *Maston v. State*, 768 So. 2d 354 (¶5) (Miss. Ct. App. 2000).

Mallery argues that his PCR motion challenged his wrongful confinement after the expiration of his sentence and that the circuit courts erred by treating it as an untimely motion seeking judicial review of MDOC's ARP decision.

¶5.     On appeal, the State contends that Mallery's appeal is moot. Along with the appellee's brief, the State filed a "Discharge Certificate" that shows Mallery was released from incarceration on July 18, 2024.[1] Because he has been released from custody, the State

---

[1] This discharge apparently occurred after Mallery filed his appellant's brief on June 27, 2024, but before the State filed its brief on September 30, 2024. Mallery did not file a reply brief.

contends that an "actual controversy" no longer exists and that Mallery's appeal should be dismissed.

¶6.     In a similar circumstance, this Court explained in *Al-Khidhr v. King*, 270 So. 3d 1130, 1133-34 (¶10) (Miss. Ct. App. 2018):

> Additionally, we find Al-Khidhr's appeal before this Court is moot because Al-Khidhr has already been released from prison. "Cases in which an actual controversy existed . . . but the controversy has expired at the time of review, become moot." *J.E.W. v. T.G.S.*, 935 So. 2d 954, 959 (¶14) (Miss. 2006) (quoting *Monaghan v. Blue Bell Inc.*, 393 So. 2d 466, 466-67 (Miss. 1980)). "A case is moot so long as a judgment on the merits, if rendered, would be of no practical benefit to the plaintiff or detriment to the defendant." *Fails v. Jefferson Davis Cty. Pub. Sch. Bd.*, 95 So. 3d 1223, 1225 (¶10) (Miss. 2012) (quoting *Gartrell v. Gartrell*, 936 So. 2d 915, 916 (¶8) (Miss. 2006)). Because Al-Khidhr was released from imprisonment approximately one and one-half months after he filed this appeal, there is no longer a controversy to review, and any judgment rendered would have no practical benefit to Al-Khidhr.

We find the same to be true in the present case.

## CONCLUSION

¶7.     Because Mallery has been released from custody, we find that there is no longer an "actual controversy" at this time. Any judgment rendered on in this case on appeal would be of no "practical benefit" to Mallery. Accordingly, this appeal is dismissed.

¶8.     **APPEAL DISMISSED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, McCARTY, WEDDLE AND ST. PÉ, JJ., CONCUR. LAWRENCE, J., NOT PARTICIPATING.**

4